Ruffin, Judge.
 

 We all agree with the Judge below, in his opinion respecting the statute of limitations. Nothing short of seven full years will satisfy the act of Assembly. We do not mean to say, that the occupation must, be daily or weekly shown. For if a man has his field in crop, or under fence, as a part of his plantation,
 
 *409
 
 according to the usages of agriculture, it,will do. And so, if a landlord has a tenant on his land to make a crop every year, though it be not proved that one came in the day (he other went out. But we mean, that it will not be sufficient to plant a crop, and abandon the farm in the middle of the year, and not have an occupation after-wards. for instance,
 
 Greenlee
 
 had put another tenant on the land in 1807, that would have constituted a continued possession, by connecting him with Elrod. It would have proved the
 
 animus revertendi,
 
 and evinced that
 
 Greenlee
 
 never abandoned the possession. But when he leaves the land in August of the sixth year, and never afterwards enters, no such inference of occupation can be drawn.
 

 We however think the Court erred in rejecting the lease as evidence.' It must be admitted', that the Defendant did not treat the,case quite fairly, in waiting for its introduction to the critical moment, when it would be most powerful in supporting the credit of his witnesses, as to the time of
 
 Elrod’s
 
 entry. It would have been most proper to have offered it in the first instance, as a part of his title , for such is possession uwltp* the statute. But it was evidence per
 
 se
 
 to the point to which it was offered, under the circumstances. That was, to show the time when
 
 Elrod
 
 took possession. We must take it for granted, that its execution was, or could have been duly proved, and that it was actually delivered to
 
 Elrod,
 
 and that he entered under it, because the Defendant's Coun - sel said, he would prove that possession was taken in pursuance thereto, and (lie Court rejected it because it was not evidence of the fact for which it was tendered, and not because it was not proved. Certainly, if it is' found in
 
 Greenlee’s
 
 pocket, and depends upon his acknowledgment or hand writing, it is nothing. It must be traced to
 
 Elrod
 
 at the period of his tenancy. Taking that for granted, how does the case stand i
 

 
 *410
 
 It is admitted on all hands, that
 
 Elrod
 
 was
 
 Greenlee*s
 
 tenant. Witnesses come in and say, that he entered in 1799 ; others in December, 1800. Between this conflict 0p testimony, this document is most material to show, that one or the other set of witnesses is mistaken. Where a person is proved to have entered about a particular period, and that a remote one, the very timéis not conclusively shown by the date of his deed, it is true : but there is a strong probability raised by it, because owners of land are not presumed to let it lie idle
 
 ;
 
 and we
 
 will
 
 not suppose that one entered before he had title. If the conveyance be in fee, the presumption of an immediate entry is not so strong, as if it be for a less estate. But if it be for years, and’ especially for
 
 one year,
 
 the presumption is violent, that the tenant entered forthwith. It is in the nature of man, that he should endeavor to make the most of his property, and it cannot be supposed, that he who is paying rent, and has but one year’s estate, should not enjoy it. In such a case, the probability of occupation is as great, as that the date of a deed corresponds with the true time of its execution. The contrary may be shown, hut by itself it imports the truth, because men usually put the real date. So a lease for a single year, made thirty years ago, creates a probability, tiiat the lessee entered that year
 
 \
 
 for we cannot suppose, that he would forego the present enjoyment of property thus fleeting, especially when the actual occupation is proved
 
 aliunde
 
 to have been about that time.
 

 It may be proper to add, that this presumption might certainly be weakened by evidence, that he paid a rent in part of the crop instead of money, or other circumstances open to the other side. But of itself it is evidence, as a circumstance from which the time of possession may be collected.
 

 Per Curiam. Let the judgment of the Court below life reversed.