PREVATT v. HARRELSON.

(Filed March 24, 1903.)

1. ADVERSE POSSESSION—*Evidence—Ejectment—The Code, Secs. 139, 140, 147.*

In ejectment the evidence that the grantor of the plaintiff had raked and hauled straw off the land in question and that the father of the plaintiff had farmed on an acre or two thereon, is insufficient to show possession.

2. ADVERSE POSSESSION—*Evidence—Sheriff's Deeds—Ejectment—The Code, Secs. 139, 140, 147.*

A deed of a sheriff to the grantor of a plaintiff in ejectment is no evidence of possession.

3. NEW TRIAL—*Demurrer—Evidence—Acts 1897, Ch. 109—Acts 1899, Ch. 131—Acts 1901, Ch. 594—Non-suit.*

Under Acts 1897, Ch. 109, as amended, a new trial will be ordered when a motion to non-suit has been improperly denied.

4. NONSUIT—*Judgments— The Code, Secs. 142, 166—Acts 1897, Ch. 109— Acts 1899, Ch. 131—Acts 1901, Ch. 594.*

When a non-suit is granted under Acts 1897, Ch. 109, as amended, the plaintiff may bring a new action within one year.

ACTION by James Prevatt against Jackson Harrelson and others, heard by Judge W. S. O'B. Robinson and a jury, at ———— Term, 1902, of the Superior Court of COLUMBUS County. From a judgment for the plaintiff, the defendants appealed.

*C. C. Lyon,* for the plaintiff.

*D. J. Lewis,* for the defendants.

CLARK, C. J.   This was an action of ejectment. At the close of the plaintiff's evidence the defendant demurred and moved to non-suit plaintiff under the statute and excepted to the refusal of the motion.   As the defendant subsequently introduced evidence this exception is waived by the terms of the statute.   Ch. 594, Laws 1901.

At the close of all the evidence the defendant again demurred and moved to non-suit under Chapter 109, Laws 1897, as amended by above Chapter 594, Laws 1901, and excepted to the refusal.   In *Mobley v. Griffin,* 104 N. C., at p. 115, it is laid down that the plaintiff must prove his right to recover in an action of ejectment in one of six ways, as follows:

1.   He may offer a connected chain of title, or a grant from the State, to himself.

2.   Or, without showing any grant from the State, he may show open, notorious, continuous, adverse and unequivocal possession under color of title in himself and those under whom he claims for 21 years.

3.   He may show title out of the State by a grant to a stranger, and then (unconnected with such grant) open, notorious, continuous and adverse possession in himself and those under whom he claims for seven years.

4.   He may show as against the State possession under known and visible boundaries for thirty years or against individuals similar possesion for twenty-one years.   The Code, Secs. 139 and 140.

5.   He can prove title by estoppel by showing that the defendant was his tenant, or derived possession from his tenant.   The Code, Sec. 147.

6.   He may connect defendant with a common source of title and show in himself a better title from that source.

The plaintiff failed to show title in himself in either of these ways.   The only testimony as to acts of possession by plaintiff or those under whom he claims was that an agent of plaintiff's grantor had raked and hauled straw off the

land one or two years and that in 1881 plaintiff's father had farmed an acre or two of the land in controversy. This was insufficient. *Hamilton v. Icard,* 114 N. C., 532; *Shaffer v. Gaynor,* 117 N. C., 15; *McLean v. Smith,* 106 N. C., 172.

The plaintiff claimed under a deed executed to him by John Prevatt in 1894. The court instructed the jury that the sheriff's deed to plaintiff's grantor, John Prevatt, in 1856 was some evidence of adverse possession in those under whom plaintiff claims. This was error, for there was no evidence of possession thereunder beyond that above stated and there is no presumption of law that the purchaser took possession. It was also error to refuse the motion to non-suit plaintiff under the statute.

In refusing the motion to non-suit there was error for which, under the uniform practice of this court, there must be a new trial. On such new trial, if the plaintiff can "mend his lick" by additional and sufficient evidence, well and good. He has not lost the land. If he can not offer additional evidence, this, though a new trial in form, will be virtually a finality against him.

As the effect of Chapter 109, Laws 1897, as amended by Chapter 131, Laws 1899, and Chapter 594, Laws, 1901, is often presented, it may be well to repeat what we have said in *Means v. Railroad,* 126 N. C, at p. 129 (which was cited and approved in *Parlier v. Railroad,* 129 N. C., 262). The rule stands now just as it did before the passage of Chap. 109, Laws 1897, and the amendment of 1899, except that under this legislation it is discretionary with the defendant whether he will introduce evidence after the motion to dismiss, or not; while, before these Acts, it was discretionary with the court whether it would allow the defendant to introduce evidence after resting his case and making the motion." This is the sole change made by the statute and that change can not affect the settled practice that when a motion to non-suit (or a demurrer

to evidence) is erroneously refused, a new trial has always been ordered. *State v. Adams,* 115 N. C., at p. 784; *State v. Rhodes,* 112 N. C., at p. 858, are exactly in point, besides numerous cases in which it is taken as settled practice. The verdict and judgment being set aside a trial *de novo* is necessary.

Still less does the statute affect the rights of the plaintiff against whom a non-suit is ordered, for the statute was directed solely to the enlargement of the rights of the defendant, who formerly was cut off from introducing evidence in his defence after the overruling of his demurrer to the evidence, unless so allowed in the discretion of the court. *State v. Adams,* 115 N. C., 775; *State v. Hagan,* 131 N. C., 803. By the statute this is made discretionary with the defendant, who, in addition, if his exception at the close of all the evidence is overruled, can have that exception reviewed on appeal notwithstanding the verdict of the jury is against him.

As to the plaintiff, from time immemorial he has had the right to take a non-suit at any time before verdict. The statute was not intended to deprive him of this right by a motion at the close of the evidence. When a motion to non-suit under the statute is made, the plaintiff's only mode of ascertaining that the court is of opinion that his evidence is insufficient is by the judgment allowing the motion. The statute authorizes an involuntary non-suit, a judgment "as of non-suit," but it is none the less a non-suit in all its features. An action can only be dismissed for want of jurisdiction or failure of complaint to state a cause of action (Clark's Code, 3d edition, p. 923), but never for want of evidence. In the latter case, as in all other cases of non-suit, he can bring a new action within one year thereafter, if so advised. The Code, Secs. 166 and 142; *Keener v. Goodson,* 89 N. C., 273. The Legislature terms it a "judgment as in case of non-suit," Sec. 1, Ch. 109, Laws 1897, and this language is not changed by

either of the amendatory acts.    A new action may be brought
in all cases of non-suit.    *Meekins v. Railroad,* 131 N. C., 1.
An action dismissed in the nature of a non-suit "does not de-
prive the plaintiff of bringing a new suit for the same cause
of action."    *Skillington v. Allison,* 9 N. C., 347; *Long v.
Orrell,* 35 N. C., 123; *Freshwater v. Baker,* 52 N. C., 255;
*Straus v. Beardsley,* 79 N. C., 59; *Wharton v. Commis-
sioners,* 82 N. C., 11; *Halcombe v. Comm'rs,* 89 N. C., 346.
In this last case it is said "The distinction is between non-
action, a refusal founded upon evidence sufficient to deter-
mine the question of right and a decision upon the merits."

New Trial.