BLUE RIDGE LAND COMPANY v. WILLIAM FLOYD.

(Filed 9 December, 1914.)

1. Deeds and Conveyances — True Title — Color of Title—Possession—Presumptions—Interpretation of Statutes—Limitations of Actions.

The occupation of lands is presumed in law to be under and in subordination to the true title until the contrary is made to appear (Revisal, sec. 386) ; and where the plaintiff, in an action to recover lands, has shown his title by proper grant from the State and mesne conveyances to himself, the presumption is, unless it is made to appear to the contrary, that the occupation thereof by others is under his title. Hence, when the defendant relies on a deed made to his ancestor as color, and adverse possession of others thereunder to ripen his title, it is necessary to show that their occupancy was under or connected with the deed under which he claims, or the presumption will obtain that they were under the true title shown by the plaintiff.

**2. Same—Tenants—Trials—Evidence—Questions for Jury.**

> The plaintiff having shown a sufficient and connected title to the land in controversy in himself, it is necessary for the defendant, claiming by adverse possession under a deed to his ancestor, as color, to show a continuity of such possession for seven years; and it is held in this case that the possession by a tenant of his ancestor for one year, under his deed, and the occasional entry upon the land by his heirs at law after his death, for the purpose of cutting a few logs, is insufficient evidence of adverse possession in character and continuity to be submitted to the jury.

APPEAL by plaintiff from *Cline, J.,* at May Term, 1914, of HENDERSON.

Civil action to recover land. On the issue as to title there was verdict for defendant. Judgment, and plaintiff excepted and appealed.

*Smith & Shipman and McNinch & Justice for plaintiff.*
*Staton & Rector and O. V. F. Blythe for defendant.*

HOKE, J. On the trial plaintiff introduced a grant from John D. Corn, dated 28 September, 1856, covering the land in controversy, and mesne conveyances passing this title to plaintiff.

Defendant introduced a deed from Solomon Jones to George Thomas, dated 11 January, 1872, also covering the said land; proved that his wife was a granddaughter of said George Thomas, and contended that he had matured title under said deed by adverse occupation for the time required for that purpose.

It is said in some of our decisions that the possession of land is presumed to be adverse; but that is only true when nothing else is shown but the mere fact of possession, as when it is sought to show title out of the State, a case presented in *Bryan v. Spivey,* 109 N. C., 57, and in which it was held: "That every possession of land is presumed to be in possessor's own title until the contrary is shown," a principle approved in the subsequent case of *Alexander v. Gibbon,* 118 N. C., 796, and in which it is stated in this way: "The law presumes possession unexplained to be adverse possession."

Where, however, it is shown that the title, having been granted by the State, is vested in a claimant by proper mesne conveyances, then, under our statute, Revisal, sec. 386, and several decisions rendered since its enactment, as in *Bland v. Beasley,* 145 N. C., 168; *Monk v. Wilmington,* 137 N. C., 322, the law will presume the occupation of land to be "under and in subordination to the true title until the contrary is made to appear." It may not be necessary to establish this in any definite or precise way, as by giving formal notice of the hostile nature of the occupation. This could, doubtless, be inferred from facts showing that the occupant was in under a deed or was openly exercising over it in some

way the rights of ownership, but there must be some facts in evidence from which the inference can be reasonably made that the possession of land is hostile to and not in subordination to the true title. And our decisions further recognize that in order to establish a title by actual occupation under color, the possession or occupation must be under or in some way connected with the color or title claimed. Revisal, 2382; *Barrett v. Brewer,* 143 N. C., 88.

There is much evidence offered in this case tending to show that, since the execution of the deed from Solomon Jones to George Thomas, being the deed under which the defendants assert their claim, this land has been occupied by Abe Shipman and others; but, on careful perusal of the record, we do not find any testimony tending to show that such occupation was under or in any way connected with this Thomas claim except that of one Cook, who was shown to have rented the land from George Thomas in '81 or '82 or '83, and to have held it as such tenant for one year.

The later possession by the Thomas heirs themselves, being only an occasional entry for the purpose of cutting a few logs, was not of a character to establish title by adverse possession. *McLean v. Smith,* 106 N. C., 172; *Gudger v. Hensley,* 82 N. C., 482. And on the facts as they are now presented, in order to defeat the title vested in plaintiff company under its grant and written deeds, it was necessary for defendants to show seven years continuous possession in the assertion of ownership under the Thomas claim. The evidence, as stated, not showing or tending to show that the occupation of the third persons, other than Cook, was in any way connected with this claim, the presumption is that they held under the true title, and we are of opinion that plaintiff was entitled to the instruction prayed for by him: "That there was no evidence that Abe Shipman or any other occupant of the Payne House, except Cook, was in possession of the land in controversy at any time, claiming the same under George Thomas."

For the error indicated, plaintiff is entitled to a new trial of the cause, and it is so ordered.

New trial.