### J. W. AND R. E. MOORE v. WILLIAM MILLER.

#### (Filed 31 March, 1920.)

**1. Ejectment—Land—Titles—Deeds and Conveyances—Evidence—Nonsuit—Statutes.**

In an action involving title to lands the plaintiff must recover on the strength of his own title, and he must show title of the State by a grant from the State directly to himself, or connect himself with one by proper deeds or he must show possession and the assertion of ownership, with or without color, for the requisite period, or that the defendant is estopped to deny his title, and where he has not shown any grant from the State or possession in himself or those under whom he claims, or any facts creating an estoppel in his favor, but only a line of deeds beginning in 1895 covering a larger tract of land and his possession, with assertion of ownership, of a smaller tract included therein, he has failed in his proof, and a judgment as of nonsuit upon the evidence is properly entered against him. Revisal, sec. 539.

**2. Title—Lands—Presumptions—Possession—Statutes.**

The statutory presumption as to possession and occupation of land in favor of the true owner, Revisal, sec. 386, from the express language of the provision, will arise and exist only in favor of a claimant who has shown "a legal title," and until this is made to appear the presumption is primarily in favor of the occupant, that he is in possession asserting ownership.

**3. Same—State's Title—Burden of Proof—Evidence.**

Our statute, Revisal, ch. 195, providing "That in all actions affecting title to real property title shall be conclusively presumed to be out of the State, unless the State be a party to the action or the trial is one of a protested entry laid for the purpose of obtaining a grant," etc., does not create a presumption in favor of either party to the action falling with out the exception, and does not relieve a litigant seeking to recover the land of showing the legal title in himself.

**4. Same—Nonsuit—Judgments—Affirmative Findings.**

While in ejectment the plaintiff must recover upon the strength of his own title, though the title is conclusively presumed to be out of the State, and for the lack of evidence of his legal title a motion to nonsuit thereon is proper under Revisal, sec. 385, that the action be dismissed, it is error for the judgment to incorporate an adjudication in defendant's favor as to his title, as such is only permissible on affirmative findings sufficient to justify it.

Civil action, tried before *Calvert, J.,* and a jury, at October Term, 1919, of Cumberland.

The action is to recover a tract of land claimed by plaintiff on allegation that defendant is in the wrongful possession of a portion of said land.

MOORE *v.* MILLER.

Defendant alleged that he owned and was in possession of twenty-two and six-tenths acres of land in said county, setting forth boundaries, and denied that his occupation and possession of said lands is wrongful.

On the hearing, plaintiff introduced a connected line of deed, the first bearing date in 1895, for 185 acres of land in said county describing same by metes and bounds, and the last bearing date in October, 1918, purporting to convey said tract of land to plaintiffs. Plaintiff's evidence, in connection with the admissions in the pleadings, further tended to show that defendant is in possession of twenty-two and six-tenths acres of land, with definite boundaries, the land claimed by him in his answer, and the same lying and being with the larger boundary set forth in plaintiff's deeds.

Plaintiff having rested, defendant demurred to the evidence and moved for judgment of nonsuit, under the Hinsdale Act, Rev., 539. The court sustained the demurrer, and entered judgment that plaintiffs are not the owners of the land described in defendant's answer, but that defendant is the owner of said land and entitled to retain possession thereof. Plaintiff excepted and appealed.

*Nimocks & Nimocks for plaintiffs.*
*John H. Cook and Cook & Cook for defendant.*

HOKE, J. The authoritative cases have not infrequently expressed approval of the position that in actions of ejectment plaintiff must recover on the strength of his own title. The various methods by which this requirement can be met are specifically set forth in *Prevatt v. Harrelson,* 132 N. C., 250-251; *Mobley v. Griffin,* 104 N. C., 112-115, and other decisions on the subject as follows:

"1. He may offer a connected chain of title or a grant direct from the State to himself.

"2. Without exhibiting any grant from the State, he may show open, notorious, continuous adverse and unequivocal possession of the land in controversy, under color of title in himself and those under whom he claims, for twenty-one years before the action was brought. *Graham v. Houston,* 15 N. C., 232; *Christenbury v. King,* 85 N. C., 229; *Osborne v. Johnston,* 65 N. C., 22.

"3. He may show title out of the State by offering a grant to a stranger, without connecting himself with it, and then offer proof of open, notorious, continuous adverse possession, under color of title in himself, and those under whom he claims, for seven years before the action was brought. *Blair v. Miller,* 13 N. C., 407; *Christenbury v. King, supra; Isler v. Dewey,* 84 N. C., 345.

"4. He may show, as against the State, possession under known and visible boundaries, for thirty years, or, as against individuals, for twenty years, before the action was brought. Sections 139 and 144, Code of North Carolina.

"5. He can prove title by estoppel, as by showing that the defendant was his tenant, or derived his title through his tenant, when the action was brought. Code, sec. 147; *Conwell v. Mann,* 100 N. C., 234; *Melvin v. Waddell,* 75 N. C., 361.

"6. He may connect the defendant with a common source of title, and show in himself a better title from that source."

From a perusal of this statement it will appear, as held in *Graybeal v. Davis,* 95 N. C., 508, that, in order for plaintiff to establish his title, he must show:

1. A grant from the State directly to himself or connect himself with one by proper deeds or he must show possession in the assertion of ownership, with or without color, for the requisite period, or that defendant is estopped to deny his title.

Recurring to the testimony, the plaintiff has failed to show title in any of the ways indicated in these decisions. He has not shown any grant from the State. Nor has he offered any evidence of possession in himself or those under whom he claims. Nor presented any facts creating an estoppel in his favor. He has shown merely a line of deeds, beginning in 1895, covering a tract of land of 185 acres, and that defendant is in present possession of a portion of said land asserting ownership, and, on authority, this will not suffice. *Honeycutt v. Brooks,* 116 N. C., 788; *Brown v. Morisey,* 128 N. C., 139; *Worth v. Simmons,* 121 N. C., 357. We were referred by counsel to Rev., 386, establishing certain presumptions as to possession and occupation of land in favor of the true owner, but these presumptions, from the express language of the provision, will arise and exist only in favor of a claimant who has shown "a legal title." Unless and until this is made to appear, the presumption is primarily in favor of the occupant, to wit, that he is in possession, asserting ownership, a distinction pointed out in *Land Co. v. Floyd,* 167 N. C., 686-687. Nor does the recent act of the Legislature, as to "the presumption of title being out of the State in actions affecting the title to real property" in any way affect the question presented. The statute referred to, Laws 1917, ch. 195, provides: "That in all actions affecting the title to real property title shall be conclusively deemed to be out of the State of North Carolina unless the State be a party to the action or the trial is one of a protested entry laid for the purpose of obtaining a grant," etc.

It is well recognized that, in actions of this character, a litigant on whom rested the burden of the issue, suing for a small piece of land, with

a view only of showing title out of the State, was called on to establish the location of some old grant, often of much larger boundary. Ancient of date, with the witnesses who could speak directly to the facts dead, many of the marks and monuments of boundary destroyed or obliterated, it was an effort entailing much cost and expense, and not infrequently threatening a miscarriage of justice, and this when it was fully understood that, if a *prima facie* case was established and the adversary required to offer proof, he too would insist on the position that title was out of the State.

To remove this burdensome and untoward condition, the Legislature has enacted this most desirable statute providing that, in actions between individual litigants, title should be conclusively presumed to be out of the State. But that is the extent and limit of it. There is no presumption in favor of one party or the other, nor is a litigant seeking to recover land otherwise relieved of the burden of showing title in himself. While we approve of his Honor's ruling on the principal question, there is error in so much of the decree as adjudges that the title is in the defendant. Under our decisions, that is only permissible on affirmative findings sufficient to justify it. *Cavenaugh v. Jarman,* 164 N. C., 372; *Wicker v. Jones,* 159 N. C., 103-116.

On the facts presented, the case having been determined on motion of defendant and for entire lack of proof on the part of plaintiff, the case seems to come directly under the Hinsdale Act, Rev., 539, calling for "judgment as of nonsuit," usually taking the form that the action be dismissed. In the heading, the section referred to embodying the Hinsdale Act, purports to regulate procedure, "one a demurrer to the evidence" and in the absence of a jury verdict or a specific and formal admission of the relevant facts, authority is in support of a judgment "as of nonsuit." *Tussey v. Owen,* 147 N. C., 335; *Purnell v. R. R.,* 122 N. C., 832-836.

There is no error in the ruling of the lower court, and, modified as suggested, the judgment is affirmed.

Modified and affirmed.