SARAH CLARK SMITH AND HUSBAND, LEON SMITH, v. C. L. BENSON AND G. W. HESTER.

(Filed 11 December, 1946.)

**1. Ejectment § 15—**

Where, in an action to recover possession of real property and damages for trespass thereon, defendant denies plaintiff's title and defendant's trespass, nothing else appearing, plaintiff has the burden of proving title in himself and trespass by defendant.

**2. Ejectment § 10—**

In an action involving title to real property, the State not being a party, title is conclusively presumed out of the State without presumption in favor of either party, G. S., 1-36, and plaintiff must rely upon the strength of his own title.

**3. Ejectment § 17—**

Where, in an action for the recovery of real property in which defendant denies plaintiff's title, plaintiff seeks to establish title by adverse possession under color, but fails to offer evidence fitting the description in the deed relied on as color of title to the land in dispute, nonsuit is proper.

**4. Adverse Possession § 9c—**

A deed is color of title only for the land designated and described therein.

**5. Ejectment § 17—**

Nonsuit is properly entered in an action involving title to real property upon failure of plaintiff to establish title to the land in question, the action being unlike a processioning proceeding which may not be dismissed as in case of nonsuit.

APPEAL by plaintiffs from *Williams, J.,* at April Term, 1946, of BLADEN.

Civil action to recover land and for damages for trespass thereon.

Plaintiff alleges in his complaint that he is the owner in fee simple of a certain tract or parcel of land containing 101 acres, more or less, in Whites Creek Township, Bladen County, North Carolina, specifically described, including among other calls, this one: "then with the various

courses of the old survey as described in a deed from John McNorth to
Israel Moore, Henry Spaulding and Samuel Blanks, dated February 28,
1893, and duly recorded in Book of Deeds 'AA,' pp. 109, records of
Bladen County, reference to which is hereby made, and made a part
hereof for a full and accurate description," and that defendants have
trespassed upon said land to the damage of plaintiff in stated amount.

Defendants, answering, deny in the main the allegations. of the com-
plaint, and aver that if the court should find that plaintiffs own the tract
of land described in the complaint, and the description therein contained
covers any part of the lands of the defendants, therein described and
claimed by defendants, then they deny plaintiffs' ownership of that part
thereof. And for a further answer and defense, defendants set up owner-
ship of the lands, to which they assert claim as above stated, by reason
of adverse possession particularly under the seven year statute, the
twenty year statutes, and the thirty year statute.

Upon the trial plaintiff offered in evidence these exhibits: (1) A
deed from A. O. Trust and wife to A. A. Clark, dated 24 May, 1917,
and registered 1 June, 1917, in Book 67 at page 502 of registry of Bladen
County, purporting to convey a tract of land of same description as that
set forth in the complaint herein.

(2) A deed from A. A. Clark to Sarah Clark, dated 5 March, 1937,
and registered 9 March, 1937, in book 96 at page 251 of registry of
Bladen County, purporting to convey "a certain tract of land containing
101 acres more or less, and being the same land conveyed by A. O. Trust
to A. A. Clark by deed dated May 24, 1917, and recorded in the office of
the Register of Deeds of Bladen County in Deed Book 67, on page 502."

(3) A survey of the disputed line, made by Bullard and Robbins,
surveyors, in August, 1945.

Plaintiff also offered the testimony of A. A. Clark, who testified that
he entered into possession of the land he bought from A. O. Trust at the
time he bought it, at which time there were no improvements on it; that
he has since cleared up probably 10 or 20 acres of the land and built
a house and tobacco barn on it; that he has cut and removed timber
within the past two years and before that time "wood for tobacco barns
and such"; that since conveying the land to his daughter, the plaintiff,
Sarah Clark Smith, he has worked the land; had it worked; that he is
familiar with the lines and boundaries of the land described in the com-
plaint and has a map of the land made by Mr. Robbins; that C. L.
Benson and G. W. Hester entered upon the land and cut and removed
some timber from the west side; that the deed referred to in the descrip-
tion in the Trust deed, and described in the complaint, containing the
call as hereinabove set forth running "thence with the various courses,
etc.," was burned, and the record book was burned; that when Mr.
Robbins and Mr. Bullard made the survey he pointed out to them the

McNorth line and the beginning corners; and that "the disputed line is known as the Sam Blank's line."

Plaintiff further offered the testimony of A. A. Robbins, surveyor appointed by the court, whose testimony tends to show that he did not attempt to run the line described in the deed "thence with the various courses of the old survey as described in a deed from John McNorth to Israel Moore, Henry Spaulding and Samuel Blank."

Defendants, reserving exception to refusal of the court to grant their motion for judgment as of nonsuit at close of plaintiff's evidence, offered evidence in support of their contentions and claims.

And motion of defendants for judgment as of nonsuit at the close of all the evidence was allowed and judgment signed.

Plaintiffs appeal to Supreme Court and assign error.

*H. H. Clark and Edward B. Clark for plaintiffs, appellants.*
*Robert J. Hester, Jr., and McLean & Stacy for defendants, appellees.*

WINBORNE, J. Is there error in the judgment as of nonsuit from which this appeal is taken? This is the sole question for consideration,— and the answer is No.

Where in an action for the recovery of land and for trespass thereon defendant denies plaintiff's title and defendant's trespass, nothing else appearing, issues of fact arise both as to title of plaintiff and as to trespass by defendant,—the burden of proof as to each being on plaintiff. *Mortgage Corp. v. Barco,* 218 N. C., 154, 10 S. E. (2d), 642.

In such an action plaintiff must rely upon the strength of his own title. This requirement may be met by various methods which are specifically set forth in *Mobley v. Griffin,* 104 N. C., 112, 10 S. E., 142; *Prevatt v. Harrelson,* 132 N. C., 250, 43 S. E., 800; *Moore v. Miller,* 179 N. C., 396, 102 S. E., 627, and many other decisions.

Moreover, in all actions involving title to real property title is conclusively presumed to be out of the State unless it be a party to the action, G. S., 1-36, but "there is no presumption in favor of one party or the other, nor is a litigant seeking to recover land otherwise relieved of the burden of showing title in himself." *Moore v. Miller, supra.*

In the light of that presumption plaintiffs in the present action, assuming the burden of proof, elect to show title.in themselves by adverse possession, under known and visible lines and boundaries and under color of title for seven years, G. S., 1-38, which is one of the methods by which title may be shown. In pursuing this method a deed offered as color of title is such only for the land designated and described in it. *Davidson v. Arledge,* 88 N. C., 326; *Smith v. Fite,* 92 N. C., 319; *Barker v. R. R.,* 125 N. C., 596, 34 S. E., 701; *Johnston v. Case,* 131 N. C., 491, 42 S. E., 957.

In *Smith v. Fite, supra,* this headnote epitomizes the opinion of *Smith, C. J.,* for the Court: "Where a party introduces a deed in evidence, which he intends to be used as color of title, he must prove that its boundaries cover the land in dispute, to give legal efficacy to his possession." In other words, the plaintiff must not only offer the deed upon which he relies, but he must by proof fit the description in the deed to the land in question.

While the present action is for the recovery of land and for trespass thereon, the controversy seems to hinge around the location of the disputed line known as the Sam Blank's line. And as to this, the testimony of the surveyor A. A. Robbins, appointed by the court, tends to show that he did not attempt to run the line. Furthermore, there is no evidence in the record showing its location.

This case is unlike processioning proceeding wherein when a *bona fide* dispute arises between landowners as to the true .location of the boundary line between them, the case may not be dismissed as in case of nonsuit. *Cornelison v. Hammond,* 225 N. C., 535, 35 S. E. (2d), 633.

The judgment below is
Affirmed.