FELIX WILLIAMS (Since Deceased), W. T. ALSTON and RALPH ALSTON,
ADMINISTRATOR OF FELIX WILLIAMS, v. ANGIE H. ROBERTSON, A. J.
ELLINGTON AND WIFE UNDINE D. ELLINGTON.

(Filed 30 April, 1952.)

**1. Trial § 22b—**

Upon motion to nonsuit, defendant's evidence which is favorable to
plaintiff or which tends to explain or make clear that which has been
offered by plaintiff, is properly considered.

**2. Trespass to Try Title § 3—**

Evidence offered by plaintiff and so much of defendant's evidence as is
favorable to plaintiff or tends to explain or make clear plaintiff's evidence,
considered in the light most favorable to plaintiff, is held sufficient to be
submitted to the jury on the issue of plaintiff's acquisition of title by
adverse possession through the possession by one of the tenants in common
under a parol partition for more than twenty years, either by the tenant
in common or his lessees.

**3. Same—**

In an action in trespass to try title plaintiff has the burden of proving
both title good in himself and trespass by defendant.

**4. Same—**

In action involving title to real property, title is conclusively presumed
to be out of the State unless it be a party to the action. G.S. 1-36.

**5. Adverse Possession § 7—**

Several successive possessions may be tacked for the purpose of showing
a continuous adverse possession where there is privity of estate or connec-
tion of title between the several occupants.

**6. Adverse Possession § 4a—**

A parol partition comes within the statute of frauds, G.S. 22-2, and in
order to acquire title thereunder a tenant in common must show adverse
possession thereunder for twenty years.

**7. Same—**

The possession of one tenant in common is in law the possession of all
his cotenants unless there has been an actual ouster or a sole adverse
possession for twenty years, and adverse possession by a tenant in common,
even under color of title, cannot ripen title in a shorter period as against
the cotenants.

**8. Adverse Possession § 9c—**

A party claiming under color of title must fit the description in the deed
under which he claims to the land in controversy in some manner sanc-
tioned by law.

**9. Adverse Possession § 4d—**

> The possession of the tenant is deemed the possession of the landlord until twenty years after the termination of the tenancy.

**10. Appeal and Error § 29—**

> Exceptions and assignments of error not discussed in the brief and in support of which no argument or reason is stated are deemed abandoned. Rule of Practice in the Supreme Court No. 28.

APPEAL by plaintiff W. T. Alston from *Godwin, Special Judge,* at October Civil Term, 1951, of WARREN.

Civil action begun 7 January, 1946, by Felix Williams against defendants for recovery of land and for removal of cloud upon title.

Plaintiff Felix Williams alleged in his complaint substantially the following:

(1) That he is the owner and entitled to the immediate possession of a certain tract or parcel of land in Warrenton Township, Warren County, North Carolina, bounded as follows: "On the north by lands of A. J. Ellington, on the east by lands of A. J. Ellington, on the south by lands of David Alston, and on the west by the hard-surfaced highway from Warrenton to Arcola, and known as the Mary Jane Williams place."

(2) That defendant Angie H. Robertson, claiming the right to possession of said land under a contract of sale executed to her by defendants A. J. Ellington and wife Undine D. Ellington, and recorded in office of the Register of Deeds for Warren County, North Carolina, in Book 155, at page 636, under claim of ownership, has been in wrongful possession of said land since month of January, 1945,—having ousted plaintiff and his tenant W. T. Alston from possession thereof.

(3) That A. J. Ellington and wife Undine D. Ellington have no right, title or interest in or to said land, and their claim thereto is a cloud on plaintiff's title to said land, and

(4) That rental value of said land to date is $25.00.

Defendants, in answer filed in February, 1946, deny the material allegations of the complaint of plaintiff, and, for further answer and defense, and by way of counterclaim, aver that on the day of the commencement of this action they were the owners in fee simple, and were in possession of the parcel of land described in the complaint, since March, 1919, and pleaded G.S. 1-39 and G.S. 1-40 in bar of plaintiff's "pretended cause of action."

Thereafter W. T. Alston, on 27 May, 1946, claiming to be lessee of the lands in question under plaintiff Felix Williams, was made a party plaintiff.

Thereafter, on 24 September, 1946, plaintiff was permitted to amend the original complaint, by substituting a more specific description for the land as therein described.

Thereafter upon motion duly made, after notice, the Clerk of Superior Court entered an order permitting W. T. Alston, additional party plaintiff, to amend the complaint so as to show that since the complaint was filed plaintiff Felix Williams has died, and his heirs at law have conveyed their interests therein to W. T. Alston, the additional party plaintiff, by deeds of record in office of Register of Deeds of Warren County. Defendant appealed therefrom to judge of Superior Court.

Upon hearing at May Term, 1950, of Superior Court, the presiding judge entered an order approving the order of the Clerk of Superior Court, and allowed the amendment to be filed,—allowing defendants time to file answer. And the court, finding that Felix Williams, original plaintiff, had died within the past two years, and, hence, an administrator should be qualified and made a party hereto, also made an order to this effect.

Pursuant thereto, the original complaint was amended to allege that W. T. Alston, additional party plaintiff, is the owner and entitled to the possession of the land as described in the amendment of 24 September, 1946, as above set forth.

Defendants, by answer filed 30 June, 1950, deny this allegation of the complaint, and "for further answer and defense and by way of counterclaim," specifically and expressly reiterate the matters set up as "further answer and defense and by way of counterclaim" in their original answer to the original complaint as hereinabove set forth.

Thereafter on 29 July, 1950, Ralph Alston, having been appointed administrator of Felix Williams, made himself a party plaintiff to this action, and for his complaint adopted "each and every allegation of the complaint, as amended, theretofore filed by Felix Williams and W. T. Alston, and all amendments thereto," etc.

At September Civil Term, 1950, of Superior Court, defendants, by leave of court, amended their further answer by adding a plea of adverse possession of the lands, the subject of this action, for seven years under color of title, and pursuant thereto pleaded G.S. 1-38 in bar of plaintiff's "pretended cause of action."

An order for compulsory reference thereafter made was vacated upon appeal to this Court, and the cause remanded for further proceedings in accord with the rights of the respective parties. 233 N.C. 309, 63 S.E. 2d 632.

Upon the trial in Superior Court plaintiff offered evidence tending to show among other things that by deed dated 17 July, 1878, recorded 4 October, 1878, in certain book and page of Warren County Register, John White and others conveyed to Frank Hagwood 30 acres of land, adjoining the lands of Wm. Red Perry; that prior to his death Frank Hagwood made a verbal division of his land among his ten children,—

having Dr. Matthew Williams measure off with a plow line three acres apiece to them; that the portions allotted to his daughters Mary Jane and Harriet comprise the land in controversy; that Mary Jane, as Mary Jane Williams, and her husband Andrew Williams, were in possession of this land, in the opinion of William Thomas Alston, 70 years of age, when he "first knew anything and remained so until they died"; that Mary Jane Williams died about 30 years ago, and since her death her children Jennie and Oscar have been in possession of the land,—Oscar staying in possession until he died on 26 February, 1941,—prior to which he "got foolish and went to the County Home" in 1939, and stayed there until his death; that in the years 1930, 1931 and 1932 W. T. Alston rented the land from Jennie; that then Oscar Williams let defendant Alfred Ellington tend the land for five years for burying his, Oscar's, wife; that Oscar Williams got possession of it again in 1938, and rented a steer and tried to make a crop one year, and the next started building himself a house; that all the neighbors helped; that after Oscar Williams died, his brother Felix rented the land to W. T. Alston; and that after Felix started this action, he died, and W. T. Alston obtained deeds from the remaining Mary Jane Williams heirs for the land involved in the action.

Motion of defendants for judgment as of nonsuit at close of plaintiff's evidence was overruled. Thereupon defendants, reserving exception thereto, offered evidence tending to show that he obtained various deeds by *mesne* conveyance, and from various heirs at law of Frank Hagwood for various tracts of the Frank Hagwood 30-acre tract, and that he has been in adverse possession thereof under said deeds for various periods of time. And while the evidence offered by plaintiff fails to show the date of the death of Frank Hagwood, defendants offered in evidence a sheriff's deed, dated 25 July, 1894, under which they claim title, purporting to convey "three acres the entire land listed in the name of Lewis Hagwood," a son of Frank Hagwood—from which it may be inferred that the division was prior thereto.

And motion of defendants for judgment as of nonsuit, renewed at the close of all the evidence, was allowed and, in accordance therewith, judgment was signed.

Plaintiff William Thomas Alston appeals therefrom to Supreme Court, and assigns error.

*Kerr & Kerr and James D. Gilliland for plaintiff, appellant.*
*Banzet & Banzet for defendants, appellees.*

WINBORNE, J. The sole assignment of error brought forward, and debated in brief of plaintiff appellant, is based upon exception to the

judgment as of nonsuit entered, upon renewal of motion, at close of all the evidence. G.S. 1-183.

In considering such motion, "the defendant's evidence, unless favorable to the plaintiff, is not to be taken into consideration, except when not in conflict with plaintiff's evidence, it may be used to explain or make clear that which has been offered by plaintiff," *Stacy, C. J.,* in *Harrison v. R. R.,* 194 N.C. 656, 140 S.E. 598. See also *Rice v. City of Lumberton, ante,* 227, where the authorities are assembled.

Therefore, taking the evidence offered by the plaintiff, and so much of defendant's evidence as is favorable to the plaintiff, or tends to explain and make clear that which has been offered by the plaintiff, in the light most favorable to plaintiff, this Court is of opinion, and holds that there is sufficient evidence to take the case to the jury on the issue of title asserted by plaintiff. Indeed, the record is not clear as to the theory on which the nonsuit was granted.

When in an action for the recovery of land and for trespass thereon, defendant denies plaintiff's title and defendant's trespass, nothing else appearing, issues of fact arise both as to the title of plaintiff and as to trespass by defendant,—the burden as to each being on plaintiff. *Mortgage Co. v. Barco,* 218 N.C. 154, 10 S.E. 2d 642; *Smith v. Benson,* 227 N.C. 56; 40 S.E. 2d 451; *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673.

In such action, plaintiff must rely upon the strength of his own title. This requirement may be met by various methods which are specifically set forth in *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142; see also *Prevatt v. Harrelson,* 132 N.C. 250, 43 S.E. 800; *Moore v. Miller,* 179 N.C. 396, 102 S.E. 627; *Smith v. Benson, supra,* and many others, including *Locklear v. Oxendine, supra.*

Moreover, in all actions involving title to real property, title is conclusively presumed to be out of the State unless it be a party to the action, G.S. 1-36, but "there is no presumption in favor of one party or the other, nor is a litigant seeking to recover land otherwise relieved of the burden of showing title in himself." *Moore v. Miller, supra; Smith v. Benson, supra; Locklear v. Oxendine, supra.*

In the light of this presumption, apparently, plaintiff in the present action assuming the burden of proof, has elected to show title in himself by adverse possession by those under whom he claims title, under known and visible lines and boundaries for twenty years, without color of title, which is one of the methods by which title may be shown. See *Locklear v. Oxendine, supra.*

And, the principle prevails in this State that several successive possessions may be tacked for the purpose of showing a continuous adverse possession where there is privity of estate or connection of title between

several occupants. *Ramsey v. Ramsey,* 224 N.C. 110, 29 S.E. 2d 340; *Locklear v. Oxendine, supra.*

In this connection, it may be noted that a parol partition of land is a contract within the purview of the statute of frauds, G.S. 22-2, and is not binding. And "in order for tenants in common to perfect title to the respective shares of land allotted to them by parol, it is necessary for them to go into possession of their respecive shares in accordance with the agreement and to hold possession thereof under known and visible boundaries, consisting of lines plainly marked on the ground at the time of the partition, and to continue in possession openly, notoriously and adversely for twenty years," as stated by *Denny, J.,* in *Duckett v. Harrison, ante,* 145.

Moreover, as this Court declared in *Winstead v. Woolard,* 223 N.C. 814, 28 S.E. 2d 507, it is a well settled and long established principle of law in this State that the possession of one tenant in common is in law the possession of all his cotenants unless and until there has been an actual ouster or a sole adverse possession of twenty years, receiving the rents and profits and claiming the land as his own from which actual ouster may be presumed. See also *Duckett v. Harrison, supra.*

Indeed, adverse possession, even under color of title, will not ripen title as against a tenant in common short of twenty years. *Duckett v. Harrison, supra,* and cases cited.

And, in pursuing the method of proving title by adverse possession, under color of title, a deed offered as color of title is such only for the land designated and described in it. *Davidson v. Arledge,* 88 N.C. 326; *Smith v. Fite,* 92 N.C. 319; *Barker v. R. R.,* 125 N.C. 596, 34 S.E. 701; *Johnston v. Case,* 131 N.C. 491, 42 S.E. 957; *Smith v. Benson, supra.*

In *Smith v. Fite, supra,* this headnote epitomized the opinion of the Court, written by *Smith, C. J.:* "Where a party introduces a deed in evidence, which he intends to be used as color of title, he must prove that its boundaries cover the land in dispute, to give legal efficacy to his possession." In other words, the party must not only offer the deed upon which he relies, he must by proof fit the description in the deed to the land it covers,—in accordance with appropriate law relating to course and distance, and natural objects called for as the case may be. *Locklear v. Oxendine, supra.*

Furthermore, "when the relation of landlord and tenant has existed, the possession of the tenant is deemed the possession of the landlord, until the expiration of twenty years from the termination of the tenancy . . ." See G.S. 1-43; also *Lofton v. Barber,* 226 N.C. 481, 39 S.E. 2d 263.

Finally, it is noted that while there are numerous assignments of error based upon exceptions by plaintiff relating to matters of evidence, no reason or argument is stated, or authority cited in support of them.

Hence for purposes of this appeal, they are deemed abandoned. Rule 28 of Rules of Practice in the Supreme Court, 221 N.C. 544, at pages 562-3. Therefore, no decision is made in respect to any of the questions thereby raised.

We refrain, also, from a discussion of the evidence, as there must be another trial. And the judgment of nonsuit entered below is

Reversed.