ELIJAH SCOTT, GEORGE SCOTT, JANIE BRYANT AND BERTHA SCOTT v. MERIWEATHER LEWIS AND J. T. TAYLOR.

(Filed 22 May, 1957.)

1. **Ejectment § 15—**

In an action for the recovery of land and for trespass thereon by defendant, defendant's denial of plaintiff's title and defendant's trespass ordinarily raises issues of fact, with the burden on each upon plaintiff.

2. **Ejectment § 10—**

In an action for the recovery of possession of land, plaintiff must rely upon the strength of his own title.

3. **Same—**

In all actions involving title to realty title is presumed conclusively to be out of the State, unless it be a party to the action, G.S. 1-36, but there is no presumption in favor of either party, and plaintiff remains under the burden of showing title in himself by some approved method, one of which is by showing title by adverse possession.

4. **Adverse Possession § 1—**

Adverse possession, without color of title, of lands within the bounds of another's deed is limited to the area actually possessed, and evidence of acts of ownership without identity of the lines and boundaries claimed is unavailing.

**5. Adverse Possession § 6—**

Successive adverse possessions may be tacked for the purpose of showing a continuous adverse possession where there is a privity of estate or connection of title between the several successive occupants.

**6. Same—**

Where parties bring action for the recovery of land as heirs at law of their ancestor and judgment is rendered in the action adverse to them, such judgment adjudicates want of title in their ancestor and is binding upon them, and they may not in a subsequent action, in which they assert title by adverse possession, tack the possession of their ancestor or contend that their separate acts of ownership were done in the character of heirs at law claiming under the known and definite boundaries.

APPEAL by plaintiffs from *Morris, J.,* at October 1956 Term, of CRAVEN.

Civil action to recover land, and for trespass thereon.

Plaintiffs in amended complaint allege that they seek to maintain this action in behalf of themselves and of all other tenants in common, the children and grandchildren, as their interest may respectively be, of Stephen and Sophie Scott; that they and their co-tenants aforesaid are the owners in fee simple, and in actual, peaceful and notorious possession, adverse to the world, of the parcel of land in Craven County, on the eastern side of Dry Mourner Road, between Jasper and Rhem in said county, bounded by and enclosed within the very visible and commonly known natural boundaries set forth; and that defendants, their agents, servants and employees have entered upon a portion of said land and commenced to cut some of the timber thereon, and to trespass thereon after being forbidden to do so by these plaintiffs to plaintiffs' damage, etc.

Defendants, in separate answers, deny the title of plaintiffs, and for a further answer and defense and as a cross-action against plaintiffs aver that they are owners of certain lands therein described, on which plaintiffs have trespassed, and pray judgment against plaintiffs.

Upon the call of the case for trial in Superior Court, counsel for plaintiffs and counsel for defendants in open court stipulated and agreed to waive jury trial, and that the court should hear the evidence, find the facts and render judgment thereupon to the same extent and as conclusively as if a jury had been duly sworn and impaneled to try the issues involved.

I. Thereupon plaintiff offered in evidence the full judgment roll in the case of Sophie Scott, *et al.,* against Blades Lumber Company, in Superior Court of Craven County, North Carolina, and heard in Supreme Court (1907) 144 N.C. 44, 56 S.E. 548. The full caption of the case appearing in complaint names "Sophie Scott, Sylvester Scott, Mary Scott, Delzora Dew, Sam Dew, Frank Scott, Gravie Scott, Sarah Gris-

well, Charlie Griswell, Stephen Scott, James Scott, Henrietta Scott, John Scott, George Scott, Joanna Scott, as plaintiffs, and Blades Lumber Company, as defendant. And in the complaint it is alleged: (2) That Stephen Scott, late of the County of Craven, from the dates of the respective deeds hereinafter named entered upon the tracts of land therein described and remained in the actual possession thereof until the date of his death, which said deeds are recorded in the office of the Register of Deeds of the County of Craven in the books and pages hereinafter given from Civils, Book 77, page 465; Book 99, page 69; Book 115, page 192, which three tracts of land lie in the County of Craven and together form one body of land; (3) that Stephen Scott died on or about 189–, leaving him surviving a widow, Sophie Scott and the other plaintiffs, his heirs at law, the husbands Sam Dew and Charlie Griswell, being joined as plaintiffs with their wives; (4) that from and after the death of the said Stephen Scott as aforesaid the plaintiffs, above named, his widow and heirs at law, have remained in possession of the said lands and continued to hold and occupy them as their own; and (5) that defendants have cut large quantities of timber logs to plaintiffs' damage.

The answer of defendant Blades Lumber Company denies all of these allegations of the complaint; and for a further defense defendant avers: That Stephen Scott was the tenant of defendant as to those several tracts of land described in the complaint from the date of defendant's deeds to the same, which are duly recorded in office of Register of Deeds of Craven County, to which reference is made as a part of this allegation; and that the tenancy so existing has not been severed nor the possession of said land delivered to defendant; and that any title or possession of said land by plaintiffs is under and through the possession of said Stephen Scott, the tenant of defendant as aforesaid.

And the judgment roll shows that at Fall Term 1906 of Superior Court of Craven County the cause came on for hearing before judge and jury, and the judge, having intimated that he would charge the jury that if they believe the evidence they should answer the first issue No, and the second issue No, upon which intimation plaintiffs submitted to a nonsuit, and from judgment signed appealed to Supreme Court. And the case on appeal shows that the issues were these: "1. Are plaintiffs the owners and entitled to the possession of the land described in Book 99, page 69, described in the complaint?" "2. Are plaintiffs the owners and entitled to the possession of the land described in Book 115, page 192, described in the complaint?" And the Supreme Court, in opinion reported in 144 N.C. 44, as above set forth, held that "in instructing the jury to answer the issues in favor of the defendant, there was No Error."

SCOTT *v.* LEWIS.

II. Plaintiff next offered as a witness a surveyor, who described a map captioned "Land Claimed by Stephen Scott Heirs" made by him in May 1955, the boundaries being shown to him by George Scott, Lamb Farrell, Elijah Scott and others. On this there appear locations of houses of George Scott, the old Stephen Scott homeplace, Leroy Scott, Lamb Farrell and Marvin Scott, the Virgil Hill Chapel, a cemetery and several fields of small area.

III. Plaintiff next offered the testimony of Elijah Scott, Janie Bryant and George Scott, by whom it was proposed to describe their several acts of cutting timber and pulpwood, and cultivating of soil here and there over the entire boundary. At the conclusion of testimony of each of these witnesses defendant made motion that all testimony elicited from or by this witness relating to acts over this land and generally described as he or she described it be stricken on the basis that he or she has not designated the portion of this land claimed by him or by her,—he or she not having separated any claim of his or hers that he or she is bringing suit to recover; and has not plead any title in an ancestor from which they all claim in common. The motion in each instance was allowed, and plaintiffs excepted. These constitute exceptions 1, 2 and 3. Assignment as error.

IV. The court having so ruled, and plaintiffs having stated in open court that the further evidence they had to offer was to like effect and extent as theretofore offered, and the court having intimated that upon such further evidence so limited as above the court would rule as it had on the evidence offered, and upon such intimation plaintiffs having announced that they would submit to a nonsuit, judgment of nonsuit was entered, but the restraining order theretofore issued was continued in full force and effect until decision on appeal shall be rendered by the Supreme Court.

To so much of the foregoing judgment by which the plaintiffs are nonsuited, plaintiffs excepted and appeal to Supreme Court and assign error.

*L. T. Grantham, Cecil D. May, and Lee & Hancock for Plaintiffs Appellants.*

*Ward & Tucker and R. E. Whitehurst for Defendants Appellees.*

WINBORNE, C. J. Appellants in brief filed here on this appeal state that "at the trial of the present case in the Superior Court the plaintiffs did not rely on any paper title, but sought to show that they, and their tenants in common, the children and grandchildren of Stephen and Sophie Scott, had remained in open, notorious and continuous adverse possession under known and visible lines and boundaries since 1907 despite the outcome of the earlier case."

This position is untenable.

When in an action for the recovery of land and for trespass thereon defendant denies plaintiff's title and defendant's trespass, nothing else appearing, issues of fact arise both as to title of plaintiff and as to trespass by defendant, the burden as to each being on plaintiff. *Mortgage Corp. v. Barco,* 218 N.C. 154, 10 S.E. 2d 642; *Smith v. Benson,* 227 N.C. 56, 40 S.E. 2d 451; *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673.

In such action plaintiff must rely upon the strength of his own title. This requirement may be met by various methods which are specifically set forth in *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142. See also *Prevatt v. Harrelson,* 132 N.C. 250, 43 S.E. 800; *Moore v. Miller,* 179 N.C. 396, 102 S.E. 627; *Smith v. Benson, supra; Locklear v. Oxendine, supra,* and many other cases.

Moreover, in all actions involving title to real property, title is conclusively presumed to be out of the State unless it be a party to the action, G.S. 1-36, but "there is no presumption in favor of one party or the other, nor is a litigant seeking to recover land otherwise relieved of the burden of showing title in himself." *Moore v. Miller, supra; Smith v. Benson, supra; Locklear v. Oxendine, supra.*

In the light of such presumption, it appears that plaintiffs in present action, assuming the burden of proof, have elected to show title in themselves by adverse possession, under known and visible lines and boundaries without color of title for twenty years, which is one of the methods by which title may be shown. *Locklear v. Oxendine, supra; Williams v. Robertson,* 235 N.C. 478, 70 S.E. 2d 692.

In this connection it is pertinently stated in *Wallin v. Rice,* 232 N.C. 371, 61 S.E. 2d 82, in opinion by *Devin, J.,* later *C. J.,* "One may assert title to land embraced within the bounds of another's deed by showing adverse possession of the portion claimed for twenty years under known and visible lines and boundaries (G.S. 1-40), but his claim is limited to the area actually possessed, and the burden is upon the claimant to establish his title to the land in that manner." See *Berry v. Coppersmith,* 212 N.C. 50, 193 S.E. 3; *Davis v. Land Bank,* 219 N.C. 248, 13 S.E. 2d 417; *Carswell v. Morganton,* 236 N.C. 375, 72 S.E. 2d 748; *Price v. Whisnant,* 236 N.C. 381, 72 S.E. 2d 851; *Lindsay v. Carswell,* 240 N.C. 45, 81 S.E. 2d 168.

In the instant case the evidence offered is insufficient to identify the lines and boundaries of any particular portion in actual possession.

The principle prevails in this State that several successive possessions may be tacked for the purpose of showing a continuous adverse possession where there is privity of estate or connection of title between several successive occupants. *Ramsey v. Ramsey,* 224 N.C. 110, 39 S.E. 2d 340; *Locklear v. Oxendine, supra; Williams v. Robertson, supra.*

But here the possession of Stephen Scott and his wife, Sophia Scott, is unavailing to the Scott children and grandchildren, plaintiffs in this action. Whatever rights Stephen Scott acquired by alleged adverse possession, in the absence of evidence to the contrary, descended to his heirs at law, subject to the dower right of Sophia Scott, his widow. And his heirs at law, with the joinder of Sophia Scott, undertook to assert ownership of the lands in the action against Blades Lumber Company, as hereinabove set forth, and failed as indicated by the judgment affirmed on appeal to this Court as reported in 144 N.C. 44. The heirs at law, and Sophia Scott, parties to the action, are bound by the judgment therein. And "possession of defendant (plaintiff there) in a suit for ejectment or quieting of title, after judgment against him, is deemed subordinate to the title of the successful plaintiff in the absence of clear notice of hostility." 2 C.J.S., Adverse Possession 120, p. 672.

Whatever rights plaintiffs may have in respect to the lands, or portions thereof, here involved, they are not sufficiently identified to be successfully asserted on this record.

Hence, judgment from which appeal is taken must be, and it is

Affirmed.