SAMUEL J. TRIPP v. PHILLIP KEAIS.

(Filed 27 September, 1961.)

**1. Trespass To Try Title § 2—**
    In an action in trespass to try title, plaintiff ordinarily has the burden of proving both title in himself and the trespass of defendant.

**2. Same—**
    In an action in trespass to try title plaintiff must rely on the strength of his own title and prove his title by some method recognized by law.

**3. Same—**
    While title is conclusively presumed to be out of the State in an action involving title to real property when the State is not a party, G.S. 1-36, there is no presumption of title in favor of either party.

**4. Trespass to Try Title § 5:    Appeal and Error § 45—**
    Where plaintiff in an action in trespass to try title seeks to prove title

by showing he had been in adverse possession of the *locus in quo* for more than 20 years and in possession under color of title for 7 years, G.S. 1-38, and the jury, under proper instruction from the court, answers the issue of plantiff's title in the negative, the verdict is conclusive of plaintiff's rights, and instructions relative to defendant's evidence of title cannot be prejudicial.

APPEAL by plaintiff from *Bone, J.,* at February 1961 Civil Term of BEAUFORT.

Civil action to recover land and for damages for trespass thereon.

Plaintiff, Samuel J. Tripp, alleges in his complaint, among other things (1) that he "is now and has been for sometime past the owner of and in possession of a certain tract or parcel of land" in Beaufort County, North Carolina, specifically described, containing 97 acres, being well known as the J. C. Warren Heirs Tract, and excepting "from the above described lands so much thereof as plaintiff hereinafter admits has been held adversely by the defendant as is set out * * * below"; (2) that defendant "has adversely held a portion of the above described tract of land under deed dated November 23, 1934, and recorded in Book 302, page 214, Beaufort County Registry"; (3) "that neither said deed nor the possession of defendant, or anyone under him has extended south of Pine Branch or Poplar Branch as shown on map prepared by H. L. Rayburn, Registered Surveyor, on June 23, 1954, and recorded in Map Book 10, page 15"; (4) that "the defendant without the consent of the plaintiff during the months of March and June 1958, went upon certain land of the plaintiff and cut and removed some half dozen or more trees and has repeatedly asserted and does now assert that he owns said lands; that the portion of land so trespassed upon by defendant and to which, as plaintiff is informed and believes, defendant wrongfully asserts claim of title lies to the west of Poplar Branch, to the south of and fork of Poplar Branch and to the east of the call, 'North 61 deg. 45' west 8.25 chains' referred to in the description of plaintiff's land set out in paragraph 2 above"; and (5) that during October or November 1958 defendant went upon the same lands and again cut and removed trees therefrom.

Defendant, answering, denies in the main the allegations of the complaint, admitting however that he is owner in fee of a certain tract of land conveyed to him on 23 November 1934, by deed recorded in Book 302, page 214, Beaufort County Registry. Defendant further asserts title in himself by adverse possession to the lands on both sides of Poplar Branch or Pine Branch, "and particularly extending on the south side of said Branch."

Upon the trial in Superior Court plaintiff offered in evidence these exhibits: (1) A deed from William H. Warren and ten others to Sam-

uel Tripp, dated 26 February 1957, and registered 11 March 1957, in Book 473, at page 24 of the Registry of Beaufort County, purporting to convey an undivided six-sevenths interest in a tract of land of the same description as that set forth in the complaint herein.

(2) A deed from Romanus Kraus and Lucretia Kraus to Joseph C. Warren, dated 12 October 1899, and registered in Book 104, at page 526 of Registry of Beaufort County, purporting to convey a tract of land described as "adjoining the lands of Jesse Warren and others, it being all the interest of Lucretia S. Kraus in the land in Choco-winity Township inherited by her from her father, the late William H. Warren, and purchased by him from his brothers and sisters, containing one hundred acres, more or less."

And (3) a deed from Oakley O. Warren and wife to Samuel J. Tripp, dated 1 June 1957, and registered in Book 467, at page 18 of Registry of Beaufort County purporting to convey an undivided one-seventh interest in a tract of land of the same description as that set forth in the complaint herein.

Plaintiff further offered evidence in substance tending to show that on 26 February 1957, W. H. Warren and the other six heirs of Joseph C. Warren executed and delivered to him a deed for certain lands described therein; that a map was made by a surveyor named Rayburn in 1954; that the calls in plaintiff's deed from Warren heirs correspond to the calls shown on that map; that they all can be identified and that they are known and visible bounds; that the boundaries in his deed from Warren heirs and the boundaries on the plat or the lines on the plat include lands which plaintiff admits belong to defendant although said lands are included within the boundaries of plaintiff's deed; that the land was formerly owned by J. C. Warren; that a deed was made to J. C. Warren by Romanus Kraus and Lucretia Kraus in 1899; that Joseph C. Warren during his lifetime was in possession of the land and grew crops on that which was tillable and also had hog pens and pounds or pastures thereon; that he cut wood and timber on any portion of the land which he desired, including the portion claimed by defendant, being south of Poplar Branch and west of the prong or fork of Poplar Branch; that after the death of Joseph C. Warren, his heirs had possession of the land in question and exercised ownership over it, cultivating that which was tillable and cutting wood on the other parts, making such uses of it as it was adapted to; and that since plaintiff got his deed from the heirs of Joseph C. Warren he has exercised acts of ownership and possession over it continuously.

The defendant offered evidence in support of his contentions and claims.

The case was submitted to the jury upon these issues:

"1. Is the plaintiff the owner of the lands as alleged by plaintiff in his complaint? Answer: No.

"2. Is the defendant the owner of the lands as alleged by defendant in defendant's answer? Answer: Yes.

"3. In what amount, if any, is the plaintiff entitled to recover of defendant for the wrongful cutting and removing of trees as alleged by plaintiff in plaintiff's complaint? Answer: _____."

In accordance therewith the court rendered judgment.

Plaintiff excepts thereto and appeals therefrom to Supreme Court, and assigns error.

*John A. Wilkinson, Hallett S. Ward for plaintiff appellant.*
*LeRoy Scott, A. W. Bailey for defendant appellee.*

WINBORNE, C.J. It is well settled in North Carolina that where in an action for the recovery of land and for trespass thereon defendant denies plaintiff's title and defendant's trespass, nothing else appearing, issues of fact arise both as to title of plaintiff and as to trespass of defendant, the burden as to each being on plaintiff. *Mortgage Corp. v. Barco,* 218 N.C. 154, 10 S.E. 2d 642; *Smith v. Benson,* 227 N.C. 56, 40 S.E. 2d 451; *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673; *Scott v. Lewis,* 246 N.C. 298, 98 S.E. 2d 294.

In such action plaintiff must rely on the strength of his own title. This requirement may be met by various methods which are specifically set forth in *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142. See also *Prevatt v. Harrelson,* 132 N.C. 250, 43 S.E. 800; *Moore v. Miller,* 179 N.C. 396, 102 S.E. 627; *Smith v. Benson, supra; Locklear v. Oxendine, supra,* and many others.

Moreover, in all actions involving title to real property, title is conclusively presumed to be out of the State unless it be a party to the action, G.S. 1-36, but "there is no presumption in favor of one party or the other, nor is a litigant seeking to recover land otherwise relieved of the burden of showing title in himself." *Moore v. Miller, supra; Smith v. Benson, supra; Locklear v. Oxendine, supra; Scott v. Lewis, supra.*

In the light of that presumption, plaintiff in the present action, while introducing three deeds into evidence, did not attempt to show a record chain of title, but assuming the burden of proof, elected to show title in himself by adverse possession, under known and visible lines and boundaries without color of title for twenty years, and with color of title for seven years, which are methods by which title may be shown.

G.S. 1-38; *Locklear v. Oxendine, supra; Williams v. Robertson,* 235 N. C. 478, 70 S.E. 2d 692.

In brief filed here on this appeal, plaintiff states that "While the court adequately defined the meaning of adverse possession, as such, it failed to point out to the jury the necessity of defendant's describing or identifying the land claimed by him to have been held adversely." But this argument will not avail plaintiff, because, as stated above, the plaintiff in such a case must rely on the strength of his own title and not on the weakness of defendant's.

All assignments of error which appellant brings forward pertain to the court's charge to the jury relative to the contentions of defendant. However, since the jury found, under proper instructions, that plaintiff is not the owner of the land in question, it is unneccessary to discuss these assignments of error.

Hence, in the judgment there is

No error.