PeaesoN, J.
 

 In ejectment, the plaintiff asks the court to turn the defendant out, and put him in possession of the land sued for; hence the rule, “ the plaintiff must recover upon the strength of his own title and not upon the weakness of that of the defendant.”
 

 Two exceptions are made. 1st. Where the ¡ilaintiff’s lessor is a purchaser at sheriff’s sale, and the defendant is the defendant in the execution. ‘
 

 2d. “ Whez*e both parties claim under the same person, neither shall deny the title of the person under whom both claim.” This exception is not based on the idea of an estoppel, but is a rule of practice, which has become a rule of law, adopted by the courts for the purpose of aiding the administration of justice, by dispensing with the necessity of requiring the plaintiff to prove the original grant and mesne conveyances (which in many cases it was out of his power to do) upon proof that the defendant claimed under the same person. An exception is made to this exception, when the defendant can show that the true title was in a third person, paramount to the title of the person under whom the plaintiff and defendant both claim ; and that the defendant has acquired this paramount title from such third person, or can connect himself with such third person, as by showing that he held possession for him, or under him.
 
 Love
 
 v.
 
 Gates,
 
 4 Dev. and Bat. Rep. 363;
 
 Copeland
 
 v.
 
 Sauls,
 
 1 Jones’ Rep. 70.
 

 In our case, both parties make title under Davis, and there is no reason why it should not fall under the second exception :
 
 *165
 
 so, neither party is at liberty to deny that Davis was the owner of the land.
 

 Taking that to be a “ fixed fact,” the question is, has the plaintiff acquired the title of Davis? The sheriff’s deed to him was
 
 prima faoie
 
 evidence of the fact.
 

 The defendant offered to prove that the title of Davis was notin the plaintiff, but in one Jeremiah Osborne, by showing that in 1845, Davis made a deed for this land to the defendant, and afterwards that the defendant made a deed to Murchison as trustee, who sold the land and conveyed it to Jeremiah Osborne, for a full and valuable consideration, without notice of the claim of Newlin, whereby Jeremiah had, before the sheriff’s deed to Newlin, acquired a good and indefeasible title, although the deed from Davis to the defendant was without consideration and void in regard to Newlin, who was a creditor at the date of the deed. Ilis Honor rejected this evidence, and for this the defendant excepts. There is error.
 

 The defendant did not, by offering this evidence, deny the title of Davis, under whom both parties claim. On the contrary, he assumed that to be the fact, and offered to show that the title had passed from Davis to Jeremiah Osborne, and not to the lessor of the plaintiff. There is no rule of law or of practice that forbids this.
 

 The plaintiff had the benefit of the rule, that where both parties claim under the same person, neither shall deny his title, and was relieved from the necessity of showing the grant and mesne conveyances; this was as much as he could ask for, and we can see no ground, whatever, upon which he could insist that the defendant ought not to be allowed to show, that, prior to liis purchase at sheriff’s sale, or the lien of his execu-cution, the title of Davis had become vested in Jeremiah Osborne : so that the plaintiff’s lessor acquired nothing by his purchase at sheriff’s sale, and having no title, of course, had no right to ask the court to turn the defendant, or any one else, out of possession, and put him in.
 
 Venire de novo.
 

 Pee CueiaM. Judgment affirmed.