FEDERAL FARM MORTGAGE CORPORATION v. MILDRED MAE
BARCO AND HUSBAND, W. H. BARCO.

(Filed 18 September, 1940.)

**1. Ejectment § 13—**

Where defendants in an action in ejectment deny in their answer the allegation of the complaint in respect to plaintiff's title and defendants' wrongful possession, nothing else appearing, plaintiff has the burden of proving both title in himself and wrongful possession by defendants.

2. **Ejectment §§ 13, 15—Where defendants deny wrongful possession, and do not claim title to land which may be identified as a matter of law as that described in the complaint, plaintiff must prove possession by defendants.**

Where, in an action in ejectment, plaintiff's allegations of title in himself and wrongful possession by defendants are denied in the answer, the fact that defendants in their further answer assert ownership of land does not relieve plaintiff of the burden of proving wrongful possession by defendants when the description of the land set forth in the complaint and contained in plaintiff's evidence and the description of the land referred to in the further answer are not sufficiently identical to admit of holding as a matter of law that the lands are the same, and in the absence of evidence by plaintiff of wrongful possession by defendants, defendants' motion for judgment as of nonsuit should have been allowed. In this action the complaint and plaintiff's evidence described land "located on North Carolina State Highway 34, two miles northwest of Elizabeth City," while the land referred to in the further answer was described as "situate on State Highway 17 near Elizabeth City."

APPEAL by defendants from *Burney, J.,* at June Term, 1940, of PASQUOTANK.

Civil action in ejectment.

Plaintiff, in its complaint, alleges: (1) That it is the owner and entitled to possession of a certain tract of land "known as the Mildred Mae Barco place, located on N. C. State Highway No. 34, two miles northwest of Elizabeth City," bounded as therein described, and being "more fully described by metes and bounds in the deed of trust executed by Mildred Mae Barco and W. H. Barco to W. O. Gibony, Trustee, recorded in the office of the register of deeds of Pasquotank County in Book 85, at page 169, to which reference is made"; and (2) "That defendants are in wrongful possession of said land and wrongfully and unlawfully withhold same from plaintiff."

Defendants in their answer deny each of these allegations. And in further answer defendants say that they "were heretofore the owners of a valuable tract of land situated on State Highway No. 17 near Elizabeth City," and that they placed thereon a deed of trust to the Federal Land Bank and a second deed of trust to the Land Bank Commissioner, the amounts of which were far less than the value of the land. That a sale was held at the courthouse door in Elizabeth City, North Carolina, at which sale attorney for the Land Bank Commissioner and plaintiff, L. S. Blades, Esq., arranged for the property to be bid in for the plaintiff; that said Blades was acting for the plaintiff at said sale both as its agent and attorney, and as its general attorney locally, which arrangement by the said Blades who was acting for the trustee and for the holder of the indebtedness was wrongful and unlawful and a trespass upon the rights of these defendants.

"Wherefore, defendants demand that plaintiff take nothing by its action; that they be declared to be the owners of the land, subject to the claim of plaintiff; that an accounting be had and the true and just indebtedness be established, and that when the same is paid a decree be entered ordering that defendants are owners of said lands; that the purported foreclosure be set aside, and that the trustee's deed to the plaintiff be canceled; for the costs of this action and for such other and further relief as the nature and circumstances of the case may demand."

On the trial below plaintiff offered only the following evidence: (1) Record appearing in Pasquotank County, Book 85, page 169, of deed of trust dated 16 May, 1934, from Mildred M. Barco and husband, W. H. Barco, to W. O. Gibony, trustee for the Land Bank Commissioner, in which, as security for indebtedness therein stated, two tracts of land, described, known and bounded in almost identical words as set forth in the complaint, and specifically described, are conveyed, and in which deed of trust power of sale is given to the trustee in event of default as therein provided; (2) Record of report of sale 24 May, 1939, by the trustee pursuant to the default in the payment of notes secured by said deed of trust, at which sale Federal Farm Mortgage Corporation became the last and highest bidder, the report being dated 20 July, 1939, and submitted by "W. O. Gibony, trustee, by L. S. Blades, Jr., agent and attorney for the trustee"; (3) Order of the clerk of Superior Court dated 31 July, 1939, confirming the sale to the Federal Farm Mortgage Corporation; (4) Record of deed from W. O. Gibony, trustee, to Federal Farm Mortgage Corporation, purporting to be in pursuance of said foreclosure sale, conveying the land by the same description as is in the said deed of trust; and (5) Record of final account of trustee signed W. O. Gibony, trustee, by L. S. Blades, Jr., attorney for trustee.

Thereupon plaintiff rested. Defendant moved for judgment as in case of nonsuit. Motion overruled. Exception. The court submitted one issue: "Is the plaintiff the owner of and entitled to possession of lands described in complaint?" To which, under peremptory instruction, the jury answered "Yes."

To judgment declaring the plaintiff is the owner and entitled to the immediate possession of lands as described in the complaint and ordering that the clerk issue forthwith a writ of possession directing the sheriff or his deputy of Pasquotank County to forthwith remove and eject the defendants from the premises described, and place the plaintiff or its representatives in possession thereof, the defendants except and appeal to the Supreme Court and assign error.

*L. S. Blades, Jr., and W. A. Worth for plaintiff, appellee.*
*M. B. Simpson and R. M. Conn for defendants, appellants.*

WINBORNE, J.   Upon the record in this appeal the exception to the refusal of the court to allow defendants' motion for judgment as in case of nonsuit, assigned as error, is well taken.

The plaintiff, having elected to bring this action for the recovery of land, that is, an action in ejectment, alleges that it is the owner of certain land and that defendants are in wrongful possession thereof and wrongfully and unlawfully withhold same from plaintiff.   Defendants deny each of these allegations.   Upon such denial, nothing else appearing, issues of fact arise both as to the title of plaintiff and possession by defendants—the burden of proof as to each being on the plaintiff.   On the trial below no issue was submitted, and no evidence was offered as to possession by defendants.

Plaintiff, however, contends that by their further answer defendants assert ownership of the land to which plaintiff alleges and claims title; that under the authorities this is tantamount to an admission of possession; and that, hence, as a matter of law, no issue as to possession by defendants is raised on the pleadings as a whole.   Without going into a discussion of the legal proposition arising upon such contention, we are of opinion that the description of the land as set forth in the complaint and that of that referred to in the further answer are not sufficiently identical to admit of holding as a matter of law that the lands are the same.   It is noted that in the complaint the land is in part described as being "located on the N. C. State Highway No. 34, two miles northwest of Elizabeth City," while the lands to which the further answer relates is referred to as "situated on State Highway 17, near Elizabeth City."   Therefore, the factual situation in the present case does not admit of the application of the principle of law advanced by plaintiff, nor of the legal conclusion for which plaintiff contends.

The judgment below is

Reversed.