D. A. McDONALD, JR., v. DAN McCRUMMEN AND JOHN McCRUMMEN.

(Filed 7 May, 1952.)

**1. Trial § 22a—**

The evidence must be considered in the light most favorable to plaintiff on motion to nonsuit.

**2. Ejectment § 15—**

In an action for the recovery of real property the burden is on plaintiff to make out a *prima facie* showing of title in himself, and he may not rely upon the weakness of defendant's title.

**3. Ejectment § 17—**

In an action for the recovery of real property, plaintiff's evidence establishing a State grant to a certain person and a subsequent deed from another person with the same surname to plaintiff's predecessor in title, with testimony only that the persons of the same surname were kin, *is held* insufficient to make out a *prima facie* title, since the chain of title is not connected to the grantee of the State grant, and defendant's motion to nonsuit was properly allowed.

APPEAL by plaintiff from *Moore, J.,* at November Civil Term, 1951, of MOORE.

Civil action for recovery of, and for removal of cloud upon title to, land in Moore County, N. C.

Plaintiff alleges in his complaint: (1) That he is the owner in possession and entitled to possession of approximately 45 acres of land in Mineral Springs Township known as the "Murchison land," which was granted to Aaron Murchison by grant recorded in grant book 2, page 1290. (2) That defendants are attempting to trespass upon said land, and to take possession thereof, and have unlawfully placed on record a purported grant from the State of North Carolina, dated 22 March, 1941, which is a cloud upon plaintiff's title and should be stricken from the record.

Defendants, answering the complaint of plaintiff, admit that the State granted some land in Moore County to Aaron Murchison by grant recorded as alleged, but deny that the land described therein is the same land as that covered by the State grant under which they claim, that is, a grant to Daniel C. McCrummen (the defendant Dan McCrummen), dated 22 March, 1941; and they deny that plaintiff is the owner in possession and entitled to the land described in the complaint.

And for further answer and defense, and an affirmative cause of action, defendants aver: (1) That under and by virtue of the State grant to Daniel C. McCrummen, as aforesaid, he became the legal owner of the land therein described, and, by virtue of a deed from him, dated 30 December, 1941, to John McCrummen, the latter is now the owner in possession and entitled to the possession of said land. (2) That under said grant and deed, as color of title, defendants have been in open, notorious and undisputed adverse possession under known and visible lines and boundaries, of the land therein described for more than seven years prior to the institution of this action, and, by virtue thereof defendant John McCrummen is now the owner of said land.

When the case came on for trial in Superior Court, plaintiff offered the following as evidence: (1) Record of a grant from the State of North Carolina, recorded in book of grants 2, page 1290, dated 23 December, 1852, purporting to grant to Aaron Murchison forty-four acres of land in Moore County, specifically described, entered 1 December, 1849.

(2) Deed from O. B. Murchison to D. A. McDonald, dated 21 February, 1920, registered 5 March, 1920, purporting to convey a certain specifically described tract of land, containing 30 acres, more or less, "known as the Murchison tract of land."

(3) Judgment dated 16 April, 1948, entered in special proceeding for partition of lands of D. A. McDonald among his heirs, by terms of which there was allotted to Alice Glenn Roberts the "twentieth parcel" described in the petition.

(4) Deed from Mrs. Alice Glenn Roberts to D. A. McDonald, Jr., dated 21 June, 1949, registered 11 July, 1949, purporting to convey the said "twentieth parcel" of land.

Then plaintiff testified in pertinent part as follows: ". . . I am son of D. A. McDonald, Sr., who died December 8, 1931. Alice Glenn Roberts is my oldest sister. I know the tract of land known as the Murchison Tract. I know where it is located . . . (The witness points out to the court where the Aaron Murchison grant is located on the map). After my father's death I found this paper among his valuable papers . . . in my father's desk. It is in my father's handwriting . . . I found the instrument and the plot attached to it. (The original was offered. Quitclaim deed from O. B. Murchison to D. A. McDonald identified, marked Exhibit A for plaintiff, introduced and received in evidence). I know where the land is. I have been out to it and it is known as the Murchison Tract. I did not know old man Murchison. I do not know what kin O. B. Murchison was to A. A. Murchison; they were some of my own people, but I didn't know the kin . . . I had Mr. Paschal to survey it. Mr. Paschal is a surveyor in this county. . . . I went with him . . . No,

Sir, it is not farming land. It is all in woods. I saw pine timber on the land. There was no fence on it at all. No plowed ground . . ."

The surveyor, Baxter W. Paschal, as witness for plaintiff, after counsel handed to him a map, testified: "This is the outline of the Aaron Murchison Grant . . . I surveyed it with Mr. McDonald. When we ran the courses and distances we found all the old corners . . . The John McCrummen entry crossed into the Aaron Murchison tract . . . the land was woodland. Nobody was living on it and there were no fences on it . . ."

At the close of plaintiff's evidence, motion of defendants for judgment as of nonsuit was sustained. And from judgment in accordance therewith, plaintiff appeals to Supreme Court and assigns error.

*W. Clement Barrett and H. F. Seawell, Jr., for plaintiff, appellant.*
*Spence & Boyette for defendants, appellees.*

WINBORNE, J. While appellant, the plaintiff, in brief filed on this appeal, states six questions as presented, the only assignment of error is based on exception to the ruling of the trial court in allowing motion for, and entering, judgment as of nonsuit.

In considering such motion, the evidence offered by plaintiff is to be taken in the light most favorable to him. When so considered, we are constrained to hold that the evidence offered by plaintiff on the trial in Superior Court, as shown in the record on this appeal, fails to make out a *prima facie* showing of title in him.

When in an action for the recovery of land, defendant denies plaintiff's title, an issue of fact arises as to the title of plaintiff,—the burden being on plaintiff. *Mortgage Corp. v. Barco,* 218 N.C. 154, 10 S.E. 2d 642; *Smith v. Benson,* 227 N.C. 56, 40 S.E. 2d 451; *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673; *Williams v. Robertson, ante,* 478.

In such action the general rule is that plaintiff must rely upon the strength of his own title, and not upon the weakness of that of defendant. *Love v. Gates,* 20 N.C. 498; *Newlin v. Osborne,* 47 N.C. 163; *Spivey v. Jones,* 82 N.C. 179; *Keen v. Parker,* 217 N.C. 378, 8 S.E. 2d 209; *Stewart v. Cary,* 220 N.C. 214, 17 S.E. 2d 29; *Williams v. Robertson, ante,* 478; *Murphy v. Smith, ante,* 455.

This requirement may be met in various methods which are specifically set forth in *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142. See also, among many others, these cases: *Prevatt v. Harrelson,* 132 N.C. 250, 43 S.E. 800; *Moore v. Miller,* 179 N.C. 396, 102 S.E. 627; *Smith v. Benson, supra; Locklear v. Oxendine, supra; Williams v. Robertson, supra.*

In the *Mobley case,* it is said that "the plaintiff may safely rest his case upon showing such facts and such evidences of title as would establish

his right to recover, if no further testimony were offered. This *prima facie* showing of title may be made by either of several methods." These, in so far as here pertinent, are:

"1. He may offer a connected chain of title or a grant direct from the State to himself. . . .

"3. He may show title out of the State by offering a grant to a stranger, without connecting himself with it, and then offer proof of open, notorious, continuous adverse possession, under color of title in himself and those under whom he claims, for seven years before the action was brought."

And in this connection, it is appropriate to note that in all actions involving title to real property, title is conclusively presumed to be out of the State unless it (the State) be a party to the action, G.S. 1-36, but "there is no presumption in favor of one party or the other, nor is a litigant seeking to recover land otherwise relieved of the burden of showing title in himself." *Moore v. Miller, supra; Smith v. Benson, supra; Locklear v. Oxendine, supra; Williams v. Robertson, supra.*

In the light of these rules, since the evidence in the case in hand discloses that the land in controversy is unoccupied woodland, plaintiff apparently has undertaken to make out title by showing State grant for the land, and a connected chain of title from the State's grantee to the plaintiff. But the trouble with this effort is that it does not connect. The fact that land was granted to a person named Aaron Murchison, and years later there is a deed from another named O. B. Murchison, purporting to convey the same land as that to which the grant relates, is not evidence from which it may be found that the O. B. Murchison had acquired the title of Aaron Murchison. It may be that O. B. Murchison is the heir, or an heir of the first, and as such could maintain an action against a third party to recover the land, *Locklear v. Oxendine, supra,* but the testimony of plaintiff is that "I do not know what kin O. B. Murchison was to A. A. Murchison,—they were some of my own people." Titles to land may not rest in so thin veil of uncertainty.

Manifestly, this action has been prosecuted under misapprehension of applicable principles. The rules of evidence as to proof of matters of pedigree within the family are liberal. See Stansbury on North Carolina Evidence, Sec. 149, and cases cited. If proof be available plaintiff may yet make out a case of *prima facie* title in a new action. G.S. 1-25. *Craver v. Spaugh,* 227 N.C. 129, 41 S.E. 2d 82; *Locklear v. Oxendine, supra.*

But on this record, the judgment of nonsuit is

Affirmed.