PAUL S. MEEKER AND WIFE, EDNA MEEKER, v. THELMA R. WHEELER.

(Filed 17 September, 1952.)

**1. Ejectment § 15—**

Where, in an action to recover possession of real property and damages for trespass thereon, defendant denies plaintiff's title and defendant's trespass, nothing else appearing, plaintiff has the burden of proving title in himself and trespass by defendant, and must rely upon the strength of his own title which he may establish by any of the various methods specified in *Mobley v. Griffin,* 104 N.C. 112.

**2. Ejectment § 17—**

Where plaintiffs seek to establish title by showing a common source of title and a better title from such common source under trustee's deed pursuant to foreclosure of a deed of trust executed by the common source, *held* plaintiffs' failure to offer in evidence the deed of trust or some record of it leaves a *hiatus* in the chain of title notwithstanding the recital in the

trustee's deed that it was given pursuant to foreclosure of the recorded deed of trust, and nonsuit is properly entered.

**3. Mortgages § 32f—**

Presumption of regularity in foreclosure of a deed of trust does not arise until the deed of trust or some record thereof is offered in evidence, and mere recital in the trustee's deed that it was given pursuant to foreclosure of a registered deed of trust is insufficient for this purpose.

APPEAL by defendant from *Crisp, Special Judge,* at May "A" Civil 1952 Term, of BUNCOMBE.

Civil action for the recovery of real and personal property—the real property phase being tried as a common law action in ejectment.

Plaintiffs allege in their complaint that they purchased from Robertson Wall, Trustee, all the land and premises together with the personal property described in a certain deed that has been duly recorded in office of register of deeds of Buncombe County, North Carolina, in deed book 710 at page 341, to which reference is made, and a copy of same is attached and marked Exhibit A; that since the purchase of said property by plaintiffs from the trustee they have demanded possession thereof from defendant, but she has refused to surrender possession; and that they are the owners and entitled to the possession thereof.

"Exhibit A" designated "Appendix A" purports to be a deed from Robertson Wall, Trustee, party of the first party, and Paul S. Meeker and wife, Edna Meeker, parties of the second part, registered in Book 710 at page 341, as aforesaid. And among the recitals therein is the following: "That whereas, on the 26th day of May, 1949, Stuart H. Elmer and wife, Marie C. Elmer, and Lewis A. Wheeler and wife, Thelma R. Wheeler, executed and delivered to Robertson Wall, Trustee a certain deed of trust which is recorded in the office of the register of deeds for Buncombe County, North Carolina, in Book of Mortgages and Deeds of Trust No. 460 at page 205."

Defendant, answering, denies the allegations set forth in the complaint. And for further defense, counterclaim, and cross action, defendant avers, among other things: "1. That under date of May 26, 1949, the defendant, jointly with her husband Lewis A. Wheeler, who is now deceased, and Stuart H. Elmer and his wife, Marie C. Elmer, purchased and received deed from the plaintiffs, Paul S. Meeker and wife Edna S. Meeker, to the following described property . . . said deed being recorded in Register of Deeds office for Buncombe County, North Carolina, in deed book 676 at page 192, and . . . by this reference is hereby . . . made a part of this paragraph.

"2. That, by survivorship and the will of Lewis A. Wheeler, the defendant acquired all the right, title and interest of Lewis A. Wheeler in the

hereinbefore described property subsequent to the above stated date of purchase of same from the plaintiffs, and by Bill of Sale dated the 2nd day of August, 1950, the defendant acquired all the right, title and interest of Stuart H. Elmer and his wife, Marie C. Elmer, and the personal property described in the hereinbefore referred to deed."

Upon the trial in Superior Court plaintiffs offered in evidence, among other things: (1) The original deed from Robertson Wall, Trustee, as referred to in, and made a part of, the complaint, as duly registered.

(2) Paragraphs 1 and 2 of defendant's further answer, counterclaim and cross action hereinabove set forth.

(3) Evidence tending to show that plaintiffs made demand upon defendant for possession of the property described in the complaint, and that she refused to surrender such possession.

Defendant offered no evidence.

Motions of defendant for judgment as of nonsuit aptly made were overruled. She excepted.

Defendant then took voluntary nonsuit as to her counterclaim, and moved for peremptory instruction in her favor on the issue submitted. Motion overruled. Exception.

The court submitted the case to the jury on this issue: "Are the plaintiffs the owners of and entitled to the possession of the real property and personal property as referred to and described in the complaint?"

Thereupon the court gave peremptory instruction that if the jury believe "What all the evidence in this case tends to show, you will answer this issue that is being submitted to you 'Yes.' " Defendant excepted.

The jury, for its verdict, answered the issue "Yes." And from judgment signed in accordance with the verdict, defendant excepted and appeals to Supreme Court, and assigns error.

*Carl W. Greene for plaintiff, appellees.*

*Sanford W. Brown and William V. Burrow for defendant, appellant.*

WINBORNE, J. Defendant assigns as error, and properly so, (1) the denial of her motions, aptly made, for judgment as of nonsuit, (2) the refusal of her request for peremptory instruction in her favor on the issue submitted to the jury, and (3) the giving of peremptory instruction in favor of plaintiffs. These are all based upon the theory that plaintiffs have failed to make out *prima facie* case of title to the land sought to be recovered.

When in an action for the recovery of land, and for trespass thereon, defendant denies plaintiff's title and defendant's trespass, nothing else appearing, issues of fact arise both as to title of plaintiff and as to trespass by defendant,—the burden of proof as to each being on plaintiff.

*Mortgage Corp. v. Barco,* 218 N.C. 154, 10 S.E. 2d 642; *Smith v. Benson,* 227 N.C. 56, 40 S.E. 2d 451.

In such action plaintiff must rely upon the strength of his own title. This requirement may be met by various methods which are specifically set forth in *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142, and applied in numerous cases,—some of the late ones being *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673; *McDonald v. McCrummen,* 235 N.C. 550, 70 S.E. 2d 703.

In the *Mobley case* it is said that "the plaintiff may safely rest his case upon showing such facts and such evidences. of title as would establish his right to recover, if no other testimony were offered. This *prima facie* showing of title may be made. by either of several methods."

The 6th rule is pertinent to case in hand, that is, that plaintiffs may connect the defendant with a common source of title, and show in themselves a better title from that source. See cases there cited, and of later cases see *Stewart v. Cary,* 220 N.C. 214, 17 S.E. 2d 29.

It is apparent that plaintiffs here have undertaken to bring the present case within this rule. They offer in evidence admission by defendant that she and others obtained deed from plaintiffs, and then they offer a deed to themselves from a trustee, purporting to act under power of sale contained in a deed of trust, which they say was given by defendant and others to secure indebtedness to plaintiffs for balance of purchase of the land. But neither the deed of trust nor any record of it is offered in evidence. This creates a break in their chain of title.

While there is a presumption of law in favor of the regularity in the exercise of the power of sale in a mortgage or deed of trust, *Edwards v. Hair,* 215 N.C. 662, 2 S.E. 2d 859, and cases cited, there must first be evidence of a deed of trust in which power of sale is given. Mere recital in the trustee's deed purporting to be pursuant to sale under power of sale given in a recorded deed of trust, does not span the *hiatus* in the chain of title created by failure to offer in evidence the registered deed of trust or a record of it.

Manifestly this action has been prosecuted under misapprehension of applicable principles of law. If proof be available plaintiffs may yet make out a case of *prima facie* title in a new action. See last paragraph in *McDonald v. McCrummen, supra.*

But on this record, motions for nonsuit should have been allowed. Hence the judgment below is

Reversed.