MRS. ANNIE P. NORMAN, WIDOW, GLENN NORMAN, A MINOR UNDER THE AGE OF 21 YEARS WITHOUT GENERAL GUARDIAN, HEREIN APPEARING BY S. S. NORMAN, HER DULY APPOINTED NEXT FRIEND, AND L. G. TRAVIS AND HIS WIFE, DORIS TRAVIS, v. JOHN J. WILLIAMS.

(Filed 30 March, 1955.)

**1. Trespass to Try Title § 3—**

In an action for the recovery of land and for trespass by the cutting of timber therefrom, defendant's denials of plaintiff's title and defendant's trespass, nothing else appearing, raise issues of fact as to the title of plaintiff and trespass by defendant, with the burden of proof on plaintiff as to each issue.

**2. Same—**

In an action for the recovery of land and for trespass by defendant, plaintiff must rely upon the strength of his own title, which he may establish by various methods specifically set forth in *Mobley v. Griffin,* 104 N.C. 112.

**3. Same—**

In all actions involving title to real property, title is presumed to be out of the State unless it be a party to the action, G.S. 1-36, but such presumption does not relieve plaintiff of the burden of showing title in himself and is not a presumption in favor of either party.

NORMAN v. WILLIAMS.

**4. Same—**

> Where plaintiffs, in an action for recovery of land and for trespass thereon, seek to establish title by showing a common source of title and better title in themselves from that source, failure of evidence connecting defendant with any source of title common to both parties is fatal.

**5. Adverse Possession § 9c—**

> A deed offered in evidence is color of title only as to the land designated and described in it.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Morris, J.,* at November Term 1954, of HALIFAX.

Civil action to recover damage for trespass in cutting and removing timber from certain lands in Halifax County, North Carolina, and to restrain further trespass thereon. G.S. 1-486.

Plaintiffs allege in summary (1) that they are the owners in fee as tenants in common (Annie P. Norman of a life estate in one-half undivided interest, and Glenn Norman of the remainder of one-half undivided interest, and L. G. Travis one-half undivided interest) of, in and to the following described tract of land in Brinkleyville Township, Halifax County, North Carolina, to wit: That certain 184.50 acres, more or less, described according to a map prepared by C. E. Foster, C.E., on 8 April, 1949, as follows: (Specific description follows), and (2) that defendant has wrongfully, unlawfully and tortiously entered upon the lands of plaintiffs above described, and is cutting down and removing timber trees therefrom, to the damage in a large amount, and to the irreparable injury of plaintiffs, and threatens to continue so to do.

Defendant, answering, avers that the allegations of plaintiffs as above set forth are untrue, and are therefore denied.

And for further answer and defense, defendant says, in so far as pertinent to this appeal: "That the defendant is the owner in fee of all merchantable timber trees of every sort, kind and description standing or lying upon the measure when cut eight inches or more in diameter, measured across the stump eight inches from the ground, with full right of ingress, egress and regress upon the said tract of land until January 1, 1953, for the purpose of cutting and removing the said timber trees therefrom,—the said timber trees and rights having been conveyed to the said defendant by Junie Wright and wife, Fannie Wright, by deed dated October 12, 1950, and duly recorded in the office of the Register of Deeds of Halifax County, North Carolina, in Book 582, page 419, *et seq.*"

Plaintiffs replying deny the averments of the defendant's further answer and defense, and allege that on 12 October, 1950, defendant, with his

wife, "conveyed by deed recorded in Book 582 at page 419 certain timber on the lands therein described, and gave the southern boundary of the tract upon which the timber was sold as the lands of the plaintiffs, which are set out and described in paragraph 3 of the complaint. The plaintiffs aver, therefore, that the line set out in the complaint is the true dividing line between the plaintiffs' lands and the lands of the defendant, and that the defendant is estopped from denying the same."

Upon the trial in Superior Court plaintiff offered the following as evidence:

1. Plaintiffs' Exhibit No. 1, Book 32, page 561, showing division of lots Nos. 1, 2 and 3 of Kimball lands (each specifically described).

2. Plaintiffs' Exhibit No. 2, map made by J. C. Shearin of tracts Nos. 2 and 3 of Kimball Division. (Admitted for purposes of illustrating testimony of the witness Shearin.)

3. Evidence tending to show that the land described in the complaint is lot No. 3 of the Kimball Division.

4. From public registry of Halifax County record of the following:

(a) Deed from Lucy A. Biggs, Executrix of Kader Biggs and C. W. Kellinger, Executor of Asa Biggs, to Edward L. Travis, (Plaintiffs' Exhibit No. 7), dated 28 May, 1905, recorded in Book 175, page 58, purporting to convey lot No. 3 of the Kimball Division. The record shows that this deed was "admitted for the purpose of showing color of title."

(b) Deed from G. H. Johnson, Sheriff of Halifax County, as party of the first part, to N. L. Stedman, F. H. Gregory and Quentin Gregory (Plaintiffs' Exhibit No. 6), dated 4 May, 1931, recorded in Book 406, page 545, the material parts of which are as follows: "WITNESSETH: That whereas a certain writ of execution issued out of the Superior Court of Wake County in favor of Merchants National Bank, plaintiff, and against E. L. Travis, Sr., defendant, and a certain writ of execution issued out of the Superior Court of Halifax County in favor of the First National Bank of Roanoke Rapids, plaintiff, and against E. L. Travis, Sr., defendant, were to the said Sheriff directed and delivered, commanding him out of the personal property of the said E. L. Travis, Sr., within said county found, to satisfy the same, or in default thereof, out of the real property of said judgment debtor in said county situate, to cause the same to be made, as by reference to said executions will more fully appear; and whereas, because sufficient personal property of said judgment debtor to satisfy said executions in said county could not be found, he, the said sheriff, did levy on, take and seize all the estate, right, title and interest of said judgment debtor of, in and to the real estate hereinafter particularly described, with the appurtenances, and did, on the 4th day of May 1931, sell the said premises at public auction, at the courthouse door in Halifax, in said county, after having first given the notice of the time and

place of such sale and advertised the same according to law at which sale the said N. L. Stedman, F. H. Gregory and Quinton Gregory became the last and highest bidders thereof at and for the price of $6,000.00.

"Now therefore, know all men by these presents : That the said party of the first part, sheriff, as aforesaid, by virtue of said execution and for and in consideration of the sum of money above mentioned, to him in hand paid by the said parties of the second part, the receipt whereof is hereby acknowledged, has granted, sold, conveyed, and confirmed and by these presents does grant, sell, convey and confirm unto the said parties of the second part, their heirs or assigns, all the estate, right, title and interest of the said E. L. Travis, Sr., judgment debtor aforesaid, whereof E. L. Travis, Sr. seized or possessed on the day of docketing of said judgment in said county, or at any time afterward, of, in and to the following described real estate, to wit : . . .

"2. A tract of land in Brinkleyville Township, Halifax County, lying on Little Fishing Creek, immediately below Avents Bridge, fully described in the deed of C. W. Kellinger, Executor, and others, to E. L. Travis, of record in Book 175, page 58 of the Register of Deeds office of Halifax County, and containing in all 505 acres, more or less, together with all and singular the tenements and appurtenances thereunto belonging or in anywise appertaining.

"To HAVE AND TO HOLD THE said described premises, with the appurtenances, unto the said parties of the second part, their heirs and assigns forever, as fully and absolutely as he, the said sheriff, party of the first part aforesaid, can and may or ought to, by virtue of the said execution, and of his said office of sheriff, grant, sell, convey and confirm the same."

(Note : Oral testimony tends to show that the land described in the foregoing deed comprises among others lot No. 3 of Kimball Division.)

(c) Deed from N. L. Stedman and wife, Fletcher H. Gregory and wife, and Quentin Gregory and wife, to Louis G. Travis (Plaintiffs' Exhibit No. 5), dated 28 September, 1934, recorded in Book 434, page 259, purporting to convey . . . all that tract of land in Brinkleyville Township, Halifax County, which were conveyed to (by) G. H. Johnson, Sheriff of Halifax County, to N. L. Stedman, F. H. Gregory and Quentin Gregory, by a deed dated the 4th day of May, 1931 and recorded in Book 406 at page 545 of the Register of Deeds office of Halifax County," reference thereto being "made for a full description of the said lands." (Oral testimony tends to show that the description comprises, among others, lot No. 3 of the Kimball Division.)

(d) Deed from Louis G. Travis to Mrs. Annie P. Norman (Plaintiffs' Exhibit No. 4), dated 2 September, 1938, and recorded in Book 477, page 286, purporting to convey "A one-half undivided interest in and to the several tracts of land which are fully described in deed from C. W. Kel-

linger, Executor of Asa Biggs, and Mrs. Lucy Anne Biggs, Executrix of Kader Biggs, to Edward L. Travis, of date May 28, 1905, and of record in Book 175, page 58, of the Register of Deeds office of Halifax County to which deed reference is hereby made for full and complete description of said tracts of land." (Oral testimony tends to show that "that is a description of tract No. 3 in the Kimball Division," shown on Shearin map embracing "area between the red lines marked 'ABCD clockwise EFGH, back to IJK back to A.'") That is the same tract described in the complaint.

(e) Deed from Annie P. Norman to Glenn A. Norman (Plaintiffs' Exhibit No. 3), dated 3 July, 1940 and recorded in Book 498, page 587, purporting to convey "To said Glenn Norman, at my death, and her heirs and assigns, a certain tract or parcel of land in Halifax County, State of North Carolina, adjoining the lands of B. M. Nicholson, Hugh Bloomer, lying on Little Fishing Creek and others, and bounded as follows, viz.: My one-half (½) undivided interest in and to the tract of land known as the 'Kimball Tract' containing about five hundred (500) acres of land. The other ½ interest to the tract belonging . . . Travis . . . and being the same tract on which the tenant Joe Wright now presides."

Plaintiffs also offered in evidence records of certain timber deeds and of a deed from Maggie Journigan to June Wright purporting to convey lot No. 2 of Kimball Division. But since neither seems to be necessary to a decision on the point decisive of this appeal, recitations in respect thereto would serve no useful purpose.

Plaintiffs also offered oral testimony in respect to the line and boundaries of the lands here involved.

When plaintiffs rested their case, defendant moved for judgment as of nonsuit, and the court, being of opinion that same should be allowed, entered judgment that the case be dismissed as of nonsuit. The parties stipulated in case on appeal "that defendant, John J. Williams, cut some timber trees from the disputed area."

To the entry of the judgment of nonsuit plaintiffs excepted, and appeal to the Supreme Court and assign error.

*George C. Green and Dickens & Dickens for plaintiffs, appellants.*
*Johnson & Branch and Banzet & Banzet for defendant, appellee.*

WINBORNE, J. Appellants state in their brief that the questions involved on this appeal are: "1. Did the court err in sustaining the defendant's motion for judgment of nonsuit? 2. Did the court err in entering the judgment which appears of record?" In the light of the record and the evidence appearing in the case on appeal, the answer to each of

these questions must be "No." The evidence fails to make out a *prima facie* showing of title in plaintiffs.

To sustain an action for trespass by cutting timber, plaintiff must allege and show that he is the owner of the land from which the timber was cut. *Johnson v. Lumber Co.,* 147 N.C. 249, 60 S.E. 1129.

And where in an action for the recovery of land and for trespass thereon defendant denies plaintiff's title and defendant's trespass, nothing else appearing, issues of fact arise both as to the title of plaintiff and as to trespass by defendant,—the burden of proof as to each issue being on plaintiff. *Mortgage Corp. v. Barco,* 218 N.C. 154, 10 S.E. 2d 642; *Smith v. Benson,* 227 N.C. 56, 40 S.E. 2d 451; *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673; *Williams v. Robertson,* 235 N.C. 478, 70 S.E. 2d 692; *McDonald v. McCrummen,* 235 N.C. 550, 70 S.E. 2d 703; *Meeker v. Wheeler,* 236 N.C. 172, 72 S.E. 2d 214; *Powell v. Mills,* 237 N.C. 582, 75 S.E. 2d 759.

In such action plaintiff must rely upon the strength of his own title. This requirement may be met by various methods which are specifically set forth in *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142, and applied in *Prevatt v. Harrelson,* 132 N.C. 250, 43 S.E. 800; *Moore v. Miller,* 179 N.C. 396, 102 S.E. 627, and many other decisions, some of the late ones being *Smith v. Benson, supra; Locklear v. Oxendine, supra; Williams v. Robertson, supra; McDonald v. McCrummen, supra; Meeker v. Wheeler, supra; Powell v. Mills, supra.*

Moreover, in all actions involving title to real property, title is conclusively presumed to be out of the State unless it be a party to the action, G.S. 1-36, but "there is no presumption in favor of one party or the other, nor is a litigant seeking to recover land otherwise relieved of the burden of showing title in himself." See *Williams v. Robertson, supra,* and cases cited. See also *Powell v. Mills, supra.*

However, testing the evidence in the case by these rules, it does not appear that plaintiffs have brought their case within any of them. If they intend to invoke the sixth rule, that is, to show a common source of title, and in themselves a better title from that source, *Stewart v. Cary,* 220 N.C. 214, 17 S.E. 2d 29, the evidence does not connect defendant with any source of title common to both, and is, therefore, insufficient. Hence the question as to the effect of the recitals in the Sheriff's deed is not reached. But compare the cases of *McDonald v. McCrummen, supra,* and *Meeker v. Wheeler, supra,* and cases cited.

On the other hand, if plaintiffs would rely upon adverse possession under known and visible lines and boundaries, under color of title, the evidence is vague and insufficient in either situation. In pursuing this method of proving title, a deed offered as color of title is such for only

the land designated and described in it. See *Locklear v. Oxendine, supra;*
*Powell v. Mills, supra,* and cases cited.

Apparently this action has been prosecuted under misapprehension of
applicable principles of law.

In the light of this opinion, if proof be available, plaintiffs may yet
make out a *prima facie* title in a new action. See last paragraph in
*McDonald v. McCrummen, supra; Meeker v. Wheeler, supra.*

But on this record, motion for judgment of nonsuit was properly
allowed. Hence the judgment below is

Affirmed.

BARNHILL, C. J., and DEVIN, J., took no part in the consideration or
decision of this case.