J. A. SHINGLETON v. NORTH CAROLINA WILDLIFE RESOURCES COMMISSION AND C. A. MANNING.

(Filed 26 March, 1958)

**1. Ejectment § 15—**

In an action for recovery of land and for trespass, plaintiff has the burden, upon defendant's denial, of proving both his title and the trespass of defendant.

**2. Same—**

In an action for the recovery of land, plaintiff must rely upon the strength of his own title and prove same by one of the methods recognized by law.

**3. Same—**

When the State is not a party, title is conclusively presumed to be out of·the State, G.S. 1-36, but there is no presumption in favor of either party to the action, and plaintiff remains under burden of showing title in himself.

**4. Adverse Possession § 15—**

A deed is color of title only for the land designated and described in it.

**5. Ejectment § 17—**

Where, in an action to recover land, plaintiff relies, as a link in his chain of title, upon a commissioner's deed in tax foreclosure, but fails to offer in evidence the judgment roll in such foreclosure proceeding, there is a *hiatus* in plaintiff's chain of title, and nonsuit is proper.

RODMAN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Morris, J.,* at October 1957 Term, of PENDER.

Civil action to recover land, and for trespass thereon.

Plaintiff alleges in his complaint that the North Carolina Wildlife Resources Commission is the successor in interest, title and claim to the North Carolina Department of Conservation and Development;

and the defendant C. A. Manning is its employee; that plaintiff is the owner and in possession of a ninety-two acre tract of land, in Topsail Township, Pender County, North Carolina, and more particularly described as therein set forth.

And plaintiff further alleges in his complaint that defendants claim some interest in said lands and are trespassing thereon, and interfering with possession of plaintiff in manner stated to his damage, and, thereupon, prays judgment that he be declared the owner of said land; that defendants be enjoined from trespassing thereon; and that he recover as damages an amount specified and for cost and general relief.

The defendant North Carolina Wildlife Resources Commission demurred to the complaint upon grounds that it is a State agency and cannot be sued, and the demurrer was sustained and action dismissed as to it.

Defendant C. A. Manning also demurred to the complaint upon grounds stated. However, the court overruled his demurrer, and gave him time to answer.

And, answering, this defendant, Manning, admits the allegation of the complaint that the North Carolina Wildlife Resources Commission is the successor in interest, title and claim of the North Carolina Department of Conservation and Development; and that he is its employee. But, for lack of sufficient information, defendant Manning denies the allegations of plaintiff as to his ownership and possession of the lands described in the complaint; and denies that he has trespassed upon lands of plaintiff. On the other hand, he admits "that the defendant North Carolina Wildlife Resources Commission claims an interest in said lands, and as employee and agent of said Wildlife Resources Commission in the capacity of Refugee Assistant, he has had the supervision and control of the said lands described in article third of the plaintiff's complaint." Defendant Manning also denies other allegations of the complaint.

In Superior Court, plaintiff stipulated that "his 92-acre claim of land as set forth in his complaint herein lies entirely within the boundaries of the claim of the North Carolina Wildlife Resources Commission as set out by map of L. B. Hopkins, dated April 4, 1941."

Upon trial in Superior Court, plaintiff offered in evidence three deeds under which he claims that he, and those under whom he claims, had open, notorious, and continuous adverse possession for sufficient length of time to ripen title: First: A deed from R. A. Nixon and others to H. C. Congleton, dated may 29, 1905, recorded June 17, 1905, in Book 44, page 297. The court held that this deed does not constitute color of title, but admitted it in evidence. Exhibit A.

Second: A deed from Nick Congleton, Fannie Congleton, F. L. Batson, Minnie Batson, W. F. Blake and Cary Blake, grantors, to Neuse

Lumber Company, dated "... .day of August, 1917," probated September 4, 1917 and recorded September 1917, in Book 110, page 379, of Pender County Registry. Exhibit B.

Third: A deed from L. R. Bradshaw, Commissioner, pursuant to a judgment of the Superior Court of Pender Court in an action entitled *"Pender County v. Neuse Lumber Company, Inc.,* to *J. A. Shingleton,"* (who is the plaintiff), dated and filed for registration April 27, 1955. Exhibit C.

Plaintiff, appellant, claims that the several descriptions in these deeds cover the land in question, and that the parties thereto have had sufficient possession to ripen title in him, and to support a finding that the deed, Exhibit C, conveyed to him title in fee. This is controverted by defendant.

Motion of defendant for judgment as of nonsuit at close of plaintiff's evidence was allowed. And from judgment entered in accordance therewith plaintiff appeals to Supreme Court and assigns error.

*I. C. Wright for Plaintiff Appellant*
*Attorney General George B. Patton for the State of North Carolina*
*Corbett & Fisler for Defendant Appellee*

WINBORNE, C. J.    Did the trial court err in granting judgment as of nonsuit? This is the determinative question on this appeal. Pertinent decisions of this Court dictate negative answer.

When in an action for the recovery of land, and for trespass thereon, defendant denies plaintiff's title and defendant's trespass, nothing else appearing, issues of fact arise both as to title of plaintiff, and as to trespass of defendant,—the burden of proof as to each being on plaintiff. *Mortgage Co. v. Barco,* 218 N.C. 154, 10 S.E. 2d 642; *Smith v. Benson,* 227 N.C. 56, 40 S.E. 2d 451; *Locklear v. Oxendine,* 233 N.C. 710, 65 S.E. 2d 673; *Williams v. Robertson,* 235 N.C. 478, 70 S.E. 2d 692; *Meeker v. Wheeler,* 236 N.C. 172, 72 S.E. 2d 214; *Cherry v. Warehouse Co.,* 237 N.C. 362, 75 S.E. 2d 124; *Powell v. Mills,* 237 N.C. 582, 75 S.E. 2d 759; *Skipper v. Yow,* 238 N.C. 659, 78 S.E. 2d 600; *Norman v. Williams,* 241 N.C. 732, 86 S.E. 2d 593; *Jones v. Turlington,* 243 N.C. 681, 92 S.E. 2d 75; *Hayes v. Ricard,* 245 N.C. 687, 97 S.E. 2d 105; *Scott v. Lewis,* 246 N.C. 298, 98 S.E. 2d 294.

Indeed, in such action plaintiff must rely upon the strength of his own title. This requirement may be met by various methods which are specifically    set forth in *Mobley v. Griffin,* 104 N.C. 112, 10 S.E. 142, and applied in numerous cases,—some of the late ones being *Locklear v. Oxendine, supra; M'cDonald v. McCrummen,* 235 N.C. 550, 70 S.E. 2d 703; also *M'eeker v. Wheeler, supra.*

Moreover, in all actions involving title to real property, title is conclusively presumed to be out of the State unless it be a party to

the action, G. S. 1-36, but "there is no presumption in favor of one party or the other, nor is a litigant seeking to recover land otherwise relieved of the burden of showing title in himself." *Moore v. Miller,* 179 N.C. 396, 102 S.E. 627; also *Smith v. Benson, supra,* and *Locklear v. Oxendine, supra.*

In the light of such presumption, plaintiff in the present action, assuming the burden of proof, has elected to show title in himself by adverse possession, under known and visible lines and boundaries and under color of title, which is one of the methods by which title may be shown. In pursuing this method a deed offered as color of title is such only for the land designated and described in it. *Davidson v. Arledge,* 88 N. C. 326; *Smith v. Fite,* 92 N. C. 319; *Barker v. R.R.,* 125 N.C. 596 34 S.E. 701; *Johnston v. Case,* 131 N.C. 491, 42 S.E. 957; *Smith v. Benson, supra; Locklear v. Oxendine, supra.*

Indeed the principle prevails in this State that several successive possessions may be tacked for the purpose of showing a continuous adverse possession where there is privity of estate or connection of title between the several occupants. See *Locklear v. Oxendine, supra; Ramsey v. Ramsey,* 224 N.C. 110, 29 S.E. 2d 340; *Meeker v. Wheeler, supra.*

Plaintiff, relying upon adverse possession of predecessors in his chain of title, offers a deed to the Neuse Lumber Company, Inc., and then he offers a deed to himself from a commissioner, purporting to act under authority of judgment in a tax foreclosure proceeding. But the judgment roll in such proceeding is not offered in evidence. This creates a break in plaintiff's chain of title. *Kelly v. Kelly,* 241 N. C. 146, 84 S.E. 2d 809. In this *Kelly* case it is stated: "In the instant case, neither the interlocutory judgment of foreclosure nor the final decree of confirmation of sale pursuant thereto, was introduced in the trial below. The failure to introduce such documents left a break in defendants' chain of title. The action should have been nonsuited." See also *Kelly v. Kelly,* 246 N.C. 174, 97 S.E. 2d 872.

However, this will not preclude plaintiff from bringing another action if the facts in respect to the tax foreclosure are accordant with law.

Hence this Court expresses no opinion as to other matters presented on this record.

Affirmed.

RODMAN, J., took no part in the consideration or decision of this case.