CITY OF WILMINGTON v. HARRY L. FORDEN

No. 825DC1144

(Filed 4 October 1983)

**Taxation § 45— action for possession of property—tax foreclosure proceeding**

The trial judge erred in granting summary judgment for plaintiff city on the issue of right to immediate possession of certain property which allegedly had been purchased at a tax foreclosure proceeding since nothing in the record, other than the unsupported allegations of plaintiff, showed that the tax foreclosure proceedings were properly conducted so as to accomplish a valid transfer of title.

APPEAL by defendant from *Rice, Judge.* Judgment entered 23 June 1982 in District Court, NEW HANOVER County. Heard in the Court of Appeals 22 September 1983.

Plaintiff-city brought this action for possession of real property and to recover the fair rental value of the property with interest dating from the alleged passage of title. The evidence tends to show that defendant's ownership of the property in question was uncontroverted until 29 October 1979, at which time the plaintiff claims to have acquired an interest in the property through purchase at a tax foreclosure proceeding. On or about 6 August 1981 plaintiff learned defendant was in possession of the property, and on 22 October 1981 the plaintiff filed a complaint seeking immediate possession of the property as well as its fair rental value from and after 29 October 1979.

On 23 June 1982 the court granted summary judgment for plaintiff on the issue of right to immediate possession of the property, ordered that defendant be removed from the property, and held that plaintiff was entitled to recover from defendant $6,691.94, having found this to be the fair rental value of the property with interest, computed from 29 October 1979. Defendant appealed.

*Laura E. Crumpler for the plaintiff, appellee.*

*Ernest B. Fullwood for the defendant, appellant.*

HEDRICK, Judge.

Defendant contends that summary judgment for the plaintiff was inappropriate. He argues that plaintiff failed to make out a prima facie case for ejectment.

The general rule is that "a purchaser at an execution sale . . . is entitled to recover in ejectment against the debtor, whose estate he has bought, upon showing a judgment, execution, and sheriff's deed." 25 Am. Jur. 2d, *Ejectment* Sec. 30 (1966). In North Carolina the rule is well-settled that in an action of ejectment to try title plaintiff must prove his title:

> Plaintiffs in ejectment may not rely on the weakness of defendant's title, but must rely on the strength of their own title, and upon denial of plaintiffs' title in the answer, plaintiffs have the burden of showing title in themselves good against the world, . . . and defendant's wrongful possession.

5 N.C. Index 3d, *Ejectment* Sec. 8.1 (1977). Our Supreme Court discussed proof of title based on a tax foreclosure in *Shingleton v. Wildlife Commission*, 248 N.C. 89, 102 S.E. 2d 402 (1958): "Plaintiff . . . offers a deed to himself from a commissioner, purporting to act under authority of judgment in a tax foreclosure proceeding. But the judgment roll in such proceeding is not offered in evidence. This creates a break in plaintiff's chain of title." *Id.* at 92, 102 S.E. 2d at 404.

In support of its motion for summary judgment plaintiff offered as evidence an allegation in the complaint that it had purchased the property in question at a tax foreclosure sale. Plaintiff reiterated this allegation in an affidavit filed by the City Real Estate Officer, who stated:

> That on or about November 19, 1979, he received correspondence from Mr. Larry Powell, Tax Administrator for New Hanover County indicating the results of an Execution of Sale of Property conducted by the Sheriff's Department of New Hanover County pursuant to N.C.G.S. 105-376. Among the properties listed as having been purchased by the City of Wilmington and New Hanover County were two parcels of real property, one of which prior to the sale date of October 29, 1979 was owned by Harry L. Forden, Sr. and located at 912 North Tenth Street, and the other was owned by Harry

L. Forden, Sr. and wife, Bertha Forden and located at 816 North Fourth Street.

Finally, the City submitted as evidence two documents labeled "Sheriff's deed" that purported to convey the property to the plaintiff. In opposition to plaintiff's motion defendant filed an affidavit that was nothing more than a reiteration of the general denial contained in his answer.

Plaintiff, in order to establish its right to possession of the property, had first to establish its title. This it has failed to do. Nothing in this record, other than the unsupported allegations of plaintiff, shows that the tax foreclosure proceedings were properly conducted so as to accomplish a valid transfer of title. Therefore, plaintiff has failed to carry its burden showing no genuine issues of material fact. Faced with defendant's general denial, plaintiff had the burden of demonstrating the validity of the proceedings on which its relies for title. Because plaintiff made no such demonstration, summary judgment for plaintiff was inappropriate and must be reversed and the cause remanded for further proceedings.

Our decision that summary judgment for plaintiff was inappropriate as regards its right to possession of the property makes it unnecessary for us to discuss the question of damages; we point out, however, that the issue of damages would not, under the circumstances of this case, ordinarily be a proper subject for summary adjudication.

Reversed and remanded.

Judges WEBB and HILL concur.